Rockingham,
No. 4718.

LEONITA PARTIN

*v.*

THE GREAT ATLANTIC & PACIFIC TEA COMPANY.

Argued March 4, 1959.

Decided April 7, 1959.

*George R. Scammon* and *John B. Ford* (*Mr. Ford* orally), for the plaintiff.

*Burns, Bryant & Hinchey* (*Mr. Hinchey* orally), for the defendant.

DUNCAN, J. The store in which the plaintiff was injured was described by her counsel as a "small A & P superette," in which customers followed a U-shaped course in making self-service purchases. Situated on the right of the righthand aisle were a produce department, a refrigerator where ice cream was apparently kept, a soap rack, and a meat department.

The plaintiff, who was the only witness to testify at the trial, stated that she entered the store to make purchases, and traveled along the righthand aisle pushing a cart. As she entered the aisle she observed an employee of the store "carrying a basket out to the back." She testified that the basket was uncovered but that she did not see what was in it; and that when she had gone about three quarters of the way along the aisle, at a point opposite the soap rack: "I just slipped and the carriage went to the back and I felt my leg under me." Two employees came to her assistance and she continued on out of the store with her purchases. On the way out, the manager, who was in charge of operation of the store and of customer relations, said in substance: "You fellows will have to be more careful when you take that stuff out. Somebody will get hurt."

After the plaintiff had fallen she saw "what [she] had slipped on . . . when some of the boys picked it up with the dustpan." It was "grapes." She testified that as a result of the fall she suffered injuries to her leg, back, and head for which she required medical care, and that in 1957 she suffered from phlebitis of the leg which she attributed to the accident.

At the conclusion of the plaintiff's testimony the plaintiff rested. The defendant's motion for a nonsuit, "on the basis of the case of *Jakel* v. *Brockelman Brothers,* 91 N. H. 453" was thereafter granted.

It is established law that a possessor of real estate is subject to liability for harm caused to business invitees upon the premises,

if the harm results either from the possessor's failure to carry on his activities with reasonable care or from his failure to remedy or to give warning of a dangerous condition of which he knows or in the exercise of reasonable care should know. Restatement of the Law, Torts, ss. 341, 343. "Thus the occupier must use care not to injure plaintiff by negligent activity, and also to warn him of latent perils . . . . " 2 Harper & James, Torts, s. 27.12, p. 1487. See *Lynch* v. *Sprague*, 95 N. H. 485, 487; *Monier* v. *Belzil*, 97 N. H. 176; *Brosor* v. *Sullivan*, 99 N. H. 305.

The plaintiff's evidence furnished no basis for a finding that the grapes upon which she testified she slipped had remained upon the floor long enough so that the defendant could be found chargeable with knowledge of their presence and with negligent failure to remove them. Restatement, Torts, s. 343, *supra*; *Jakel* v. *Brockelman*, 91 N. H. 453. See also, *Norton* v. *Hudner*, 213 Mass. 257; *Goddard* v. *Boston & Maine Railroad*, 179 Mass. 52. *Cf. Hudson* v. *Woolworth Co.*, 275 Mass. 469. Thus to the extent that the plaintiff's right to maintain her action depended upon proof of injury from a dangerous condition of the premises which the defendant negligently failed to remedy, the Trial Court correctly ruled that there was no issue for the jury.

The plaintiff contends however that the evidence warranted a finding that her injuries resulted from the defendant's negligent failure to carry on its activities upon the premises with reasonable care for her safety. Restatement, Torts, *supra*, s. 341. Such negligence would constitute a recognized ground for recovery. *Blackman* v. *Rowe*, 96 N. H. 207. See James: Proof of the Breach in Negligence Cases, 37 Va. L. Rev. 179, 191; anno. 63 A. L. R. (2d) 591, 639. "It would be an anomaly to hold that one is not to be charged with notice of a condition arising from his own active negligent act . . . . " *Sears Roebuck & Co.* v. *Peterson*, 76 F. 2d 243, 246 (8th Cir. 1935). If the evidence warranted a finding of the defendant's causal negligence in removing refuse from the store, the plaintiff was entitled to go to the jury; and her counsel urged at the trial that there was evidence of "improper exercise of care on the part of an employee . . . that there was not due care."

We therefore consider whether there was evidence from which the defendant could reasonably be found guilty of causal negligence in the conduct of its activities. It appeared that refuse at the produce department was customarily accumulated in baskets or

bags kept nearby in the aisle and removed from time to time to the rear of the store. The plaintiff testified that she saw one of the defendant's employees carrying such a basket to the rear of the store as she entered the aisle and that the basket was uncovered. The jury could find from her testimony that she slipped upon grapes on the floor of the aisle just beyond the produce department. She made no claim however that she saw the contents of the basket which had just been carried out, or that she saw anything fall from it. Unless it could be found that the grapes fell from the basket used in removing refuse, then no issue was presented for the jury.

The plaintiff urges that the necessary evidence was supplied by the declaration of the manager of the store: "Q. And did the manager come over? A. I saw the manager on the way out. Q. And did the manager say anything? A. He said, 'You fellows will have to be more careful when you take that stuff out. Somebody will get hurt' or something like that." This statement could be found to be binding on the defendant in view of the evidence concerning the manager's authority. McCormick on Evidence, s. 244, p. 519; Restatement of the Law (2d), Agency, s. 286. See *Dillon* v. *Wallace*, 148 Cal. App. (2d) 447, 452.

We think the plaintiff's contention has merit, and that inferences which might reasonably be drawn from the declaration of the manager were sufficient to supply the elements otherwise lacking in the plaintiff's case. The declaration was a plain statement that if future injuries were to be avoided, greater care would have to be used in removing "that stuff." A jury could find that by "that stuff" the manager meant refuse from the produce department. From the fact that the statement was made in the presence of the plaintiff, the jury could infer that the grapes which caused her fall were part of the refuse, and that if the employees had been "more careful" in removing it, her injury might have been avoided.

While there was no evidence of personal knowledge on the part of the manager that the grapes had fallen from the basket, his statement was nevertheless affirmative evidence of facts reasonably to be inferred therefrom. *Janus* v. *Akstin*, 91 N. H. 373; *Sargent* v. *Alton*, 101 N. H. 331, 333.

The issue was thus presented whether the care which had been exercised by the defendant on this particular occasion satisfied the standard of reasonable care under all the circumstances. *Monier* v. *Belzil*, 97 N. H. 176, *supra*.

If such care required that the refuse should be removed without

spillage to the floor, either by the method customarily employed by the defendant, or by some other method of disposal, then the defendant could be found negligent. This was an issue determinable by the jury without the aid of expert testimony. *Sayfie* v. *Gordon*, 95 N. H. 182. If the defendant were found to have been negligent in this regard, a further finding that such negligence probably accounted for the presence of the grapes on the floor could reasonably have been made. Accordingly the nonsuit was erroneously granted.

*New trial.*

All concurred.