Rockingham
No. 2008-420

GEOFFREY J. RALLIS

v.

DEMOULAS SUPER MARKETS, INC.

Argued: June 16, 2009
Opinion Issued: July 10, 2009

*Shaines & McEachern, P.A.*, of Portsmouth (*Robert A. Shaines* and *Laurie A. Lacoste* on the brief, and *Mr. Shaines* orally), for the plaintiff.

*Getman, Stacey, Schulthess & Steere, P.A.*, of Bedford (*John A. Curran* and *Edwinna C. Vanderzanden* on the brief, and *Mr. Curran* orally), for the defendant.

DALIANIS, J. The plaintiff, Geoffrey J. Rallis, appeals a jury verdict in favor of the defendant, Demoulas Super Markets, Inc., in his negligence case. He argues that the jury instructions given by the Superior Court (*McHugh*, J.) were erroneous. We reverse and remand.

The record supports the following facts. On August 22, 2004, the plaintiff slipped and fell while shopping at the Market Basket Supermarket in Stratham. He alleged that he was walking in the produce aisle when his left foot slipped out from under him because the floor was wet and had green beans on it. He fell on his left hip and shoulder, refracturing his left hip, which he had injured six weeks earlier. In June 2005, the plaintiff sued the defendant for negligence.

Before trial, the plaintiff filed a motion *in limine* asking the court to give the following jury instruction:

> If the plaintiff proves that he suffered an injury which occurred as a result of an unsafe condition in the defendant's self-service store and that unsafe condition was reasonably foreseeable as a result from the defendant's self-service mode of operation and the defendant failed to take reasonable steps to protect patrons from such foreseeable risk, the law imposes liability on the defendant store owner. The store owner has the burden of proving by a preponderance of the evidence that it exercised reasonable care in the maintenance of the premises under the circumstances of the case.

The trial court denied the plaintiff's motion. Over the plaintiff's objection, the court ultimately instructed the jury as follows:

> Now, ladies and gentlemen, we're going to talk a little bit about liability of property owners and there's a general law with respect to that and a particular law, and I'm going to review both of those with you now. The general law, with respect to property owners, is as follows:

> All property owners are under a duty to use reasonable care under all circumstances in the maintenance and operation of their properties. The test of reasonable care is what the ordinary, prudent person would do under the same or similar circumstances. It is up to you to decide whether or not the defendant exercised reasonable care under all of the circumstances in the maintenance and operation of the property on the day in question.

> The character of and the circumstances surrounding the entry onto the property by the plaintiff will be relevant and important in determining whether the defendant acted with reasonable care under all the circumstances. A failure to fulfill this duty of reasonable care would amount to legal fault if it [were] a cause or substantial cause of the accident.

> The defendant, as an owner, cannot be expected to guarantee the safety of those entering the premises, nor is the defendant

required to keep or maintain their property absolutely safe. In short, no liability is imposed merely because an accident occurred on the defendant's property without a showing of legal fault on the defendant's part.

Now, the following is the specific law with respect to retail store owners:

When a business invitee, such as the plaintiff in this case, is injured as a result of a foreign substance on the floor of the premises of the retail store, the business invitee must prove that the owner's negligence existed by establishing only one of the following three things:

First, that the defendant caused the substance to be on the floor prior to the fall. That is, it was the defendant's employees, not customers, that caused the substance to be on the floor.

Secondly, that the defendant had actual knowledge of the existence of the foreign substance. That is, on the specific day and time of the plaintiff's fall, the defendant knew there was a foreign substance on the floor in the area of the plaintiff, that caused him to fall.

And, thirdly, that the foreign substance was on the floor for such a length of time that the defendant should have known it, in fact, existed.

On appeal, the plaintiff first argues that the jury instruction the court gave was flawed because it failed to inform jurors that he could establish the defendant's negligence by showing that it knew or should have known that green beans in the produce section of its store tended to fall on the floor, thereby creating an unsafe condition for customers.

The purpose of jury instructions is to identify issues of material fact, and to explain to the jury, in clear and intelligible language, the proper legal standards to be applied to factual findings in reaching a verdict. *N.H. Ball Bearings v. Jackson*, 158 N.H. 421, 433-434 (2009). The scope and wording of jury instructions are within the sound discretion of the trial judge and are evaluated as a reasonable juror would have interpreted them. *Id.* at 434. In reviewing the instructions, we consider the jury charge as a whole to determine whether the instructions fairly presented the case to the jury in such a manner that no injustice was done to the legal rights of the litigants. *See id.*

We apply a two-step analysis to determine whether to reverse a jury verdict in a civil case based upon an erroneous jury instruction. *O'Donnell v. HCA Health Servs. of N.H.*, 152 N.H. 608, 615 (2005). First, the appealing party must show that it was a substantial error such that it could have

misled the jury regarding the applicable law. *Francoeur v. Piper*, 146 N.H. 525, 531 (2001). Second, if we conclude that the error was a substantial one, we will reverse the jury verdict unless the opposing party shows that the error did not affect the outcome at trial; in other words, the error was harmless. *Id.* at 532; *see Hodgdon v. Frisbie Mem. Hosp.*, 147 N.H. 286, 292 (2001).

Having reviewed the jury charge in its entirety, we conclude that it inaccurately summarized the applicable law and could have misled the jury. We further conclude that this was a substantial error.

■ The trial court instructed the jury that the plaintiff could establish the defendant's negligence by showing either that: (1) its employees caused the green beans to be on the floor; (2) it had actual knowledge that they were on the floor, whatever the cause; or (3) the length of time that the green beans were on the floor charged the defendant with constructive knowledge of their presence. By so limiting the circumstances under which the plaintiff could establish the defendant's constructive knowledge that there were green beans on the floor, the trial court erred.

■ Under New Hampshire law, premises owners are governed by the test of reasonable care under all the circumstances in the maintenance and operation of their premises. *See Simpson v. Wal-Mart Stores*, 144 N.H. 571, 574 (1999). A premises owner owes a duty to entrants to use ordinary care to keep the premises in a reasonably safe condition, *see True v. Meredith Creamery*, 72 N.H. 154, 156 (1903), to warn entrants of dangerous conditions and to take reasonable precautions to protect them against foreseeable dangers arising out of the arrangements or use of the premises. *Pridham v. Cash & Carry Bldg. Center, Inc.*, 116 N.H. 292, 294-95 (1976). Accordingly, under New Hampshire law, a premises owner is subject to liability for harm caused to entrants on the premises if the harm results either from: (1) the owner's failure to carry out his activities with reasonable care; or (2) the owner's failure to remedy or give warning of a dangerous condition of which he knows or in the exercise of reasonable care should know. *Partin v. A & P Tea Co.*, 102 N.H. 62, 63-64 (1959); *see* RESTATEMENT (SECOND) OF TORTS §§ 341A, 343 (1965).

■ With respect to the second theory of liability — the owner's failure to remedy or warn of a dangerous condition of which he knows or in the exercise of reasonable care should know — the landowner's duty of care depends upon whether he had actual or constructive notice of the dangerous condition. *See Partin*, 102 N.H. at 64; RESTATEMENT (SECOND) OF TORTS, *supra* § 343.

■ In "slip and fall" cases, we have found that a landowner may have constructive knowledge that an item has fallen to the floor based upon the length of time it was there. *See Sears, Roebuck & Co. v. Philip*, 112 N.H. 282, 283, 286 (1972); *Partin*, 102 N.H. at 64.

This is not, however, the only way to prove constructive knowledge under New Hampshire law. In *Tremblay v. Donnelly*, 103 N.H. 498, 500 (1961), for instance, we upheld the trial court's denial of the defendants' motion for nonsuit when there was evidence from which the jury could find that the defendants knew or should have known that pears tended to fall from the tree onto the porch and could have taken steps to prevent it. Upon entering the defendants' premises, the plaintiff slipped and fell on a pear on the porch. *Tremblay*, 103 N.H. at 499. We held that the fact that there were no pears on the porch when the plaintiff originally left her apartment did not necessarily relieve the defendants of liability. *Id.* at 504. The jury could still find the defendants liable if "in the exercise of reasonable care they should have previously taken steps to prevent pears from falling upon the porch, regardless of when they might fall." *Id.*

Similarly, in *Simpson*, 144 N.H. at 573-74, we ruled that the trial court properly denied the defendant's motions for directed verdict and judgment notwithstanding the verdict when there was evidence from which the jury could have found that the defendant knew or should have known that icy conditions on the exit way created a hazard to its customers and the defendant failed to take preventative action. The jury could have found actual or constructive knowledge from evidence that: (1) on the day in question, there was so much precipitation that a plowing company spent between four and one-half and five hours clearing snow and spreading nine tons of salt on the store's parking lot; (2) snow and ice were seen up against the store building that day; and (3) the head of maintenance testified that during the winter, ice and snow posed a hazard to customers. *Simpson*, 144 N.H. at 573-74.

■■ Thus, by informing the jury here that the plaintiff could establish that the defendant had constructive knowledge of the green beans *only* by showing the length of time they were on the floor, the trial court inaccurately stated the applicable law. Under New Hampshire law, constructive knowledge may also be established by other means. The jury in this case could have been misled by the trial court's instructions to find that the defendant was not negligent even if the defendant knew that green beans regularly fell on the floor, creating a hazard to customers, but failed to take corrective action. This was a substantial error because it could have led the jury to reach a different verdict from that it might have reached had the error not occurred. *See Jackson v. Morse*, 152 N.H. 48, 51 (2005) (court

will find reversible error if an erroneous civil jury instruction could have misled the jury into basing its verdict upon a misperception of the law).

■ Additionally, even without showing that the defendant had actual or constructive notice of green beans being on the floor, the plaintiff might have established the defendant's negligence on the first theory of liability — that the defendant failed to make its premises reasonably safe and to carry out its duties with reasonable care. To prevail under this theory, the plaintiff would have had to show that the defendant's conduct created a foreseeable risk of harm; in other words, it was reasonably foreseeable that an injury might occur because of the defendant's actions or inactions. *See White v. Asplundh Tree Expert Co.*, 151 N.H. 544, 547 (2004); *cf. Kellner v. Lowney*, 145 N.H. 195, 198 (2000).

We applied this first theory of liability in *Jacobson v. Yokens, Inc.*, 104 N.H. 331 (1962), a case that is similar to the instant case. The plaintiff in that case was injured when she slipped and fell on the floor while attending a coffee hour at the defendant's restaurant. *Jacobson*, 104 N.H. at 332. Coffee and cream were on the floor where she fell. *Id.* The floor was made of hard maple and had been cleaned with "Super Shine-All" the day before the plaintiff fell. *Id.* at 332-33. Thus cleaned, when dry, the floor "more than met the minimum standards of slip resistance," but when wet with coffee and cream, the floor became dangerously slippery. *Id.* at 333.

We ruled that the trial court properly withdrew from the jury the question of whether the coffee and cream were on the floor for a long enough time to afford notice of their presence and opportunity to remove them. *Id.* at 334. We concluded, however, that the jury was properly asked to decide whether the defendant was negligent for failing to make its premises reasonably safe and to carry out its duties with reasonable care when there was evidence that the defendant knew that the floor became dangerously slippery when it was wet with coffee and cream and that such spillages regularly occurred. *Id.* at 334-35. "While the question of knowledge on the part of the defendant that coffee and cream had been spilled was withdrawn from the jury, the issue remained as to whether the defendant exercised reasonable care to guard against the risk of injury as a result of spillage on the floor." *Id.* at 334-35. We noted that "[t]he fact that coffee was spilled by one or more of the guests rather than an employee would not relieve the defendant of its duty to exercise care." *Id.* at 335.

■ Having concluded that the jury instruction error was substantial, we next consider whether the defendant has met its burden of showing that the error did not affect the outcome below. In its brief, the defendant argues only that the trial court's instruction was correct. The defendant does not argue that even if it were erroneous, the error did not affect the outcome.

At best, the defendant asserts that there was evidence to support a jury finding that the defendant exercised reasonable care under the circumstances, even assuming constructive knowledge. The defendant neither contends nor demonstrates, however, that the evidence compelled such a finding. *See Kallgren v. Chadwick*, 134 N.H. 110, 117 (1991). Accordingly, we reverse the jury's verdict.

Because the issue is likely to arise on remand, we next address the plaintiff's alternative argument that the court should abandon its traditional approach to premises liability under which the burden of proof remains with the plaintiff at all times and adopt an approach that shifts the burden to the defendant. *See Owens v. Publix Supermarkets, Inc.*, 802 So. 2d 315, 331 (Fla. 2001), *overruled in part by* Fla. Stat. Ann. § 768.0710 (LexisNexis 2008). Under this approach, once the plaintiff proves that an injury occurred as a result of a premises hazard or a transitory foreign substance in a self-service store, the owner of the premises is presumed to have been negligent unless the owner shows by a preponderance of evidence that it exercised reasonable care in maintaining the premises under the circumstances. *See id.* Courts in Colorado, Florida, Georgia and Kentucky have adopted this burden-shifting approach. *See Safeway Stores, Inc. v. Smith*, 658 P.2d 255, 258 (Colo. 1983); *Owens*, 802 So. 2d at 331; *Davis v. Bruno's Supermarkets, Inc.*, 587 S.E.2d 279, 280-81 (Ga. Ct. App. 2003); *Lanier v. Wal-Mart Stores, Inc.*, 99 S.W.3d 431, 436-37 (Ky. 2003). Courts in New Jersey and Oklahoma use a form of this approach. *See Wollerman v. Grand Union Stores, Inc.*, 221 A.2d 513, 514-15 (N.J. 1966); *Lingerfelt v. Winn-Dixie Tex. Inc.*, 645 P.2d 485, 489 (Okla. 1982).

■■ We decline the plaintiff's invitation to adopt the burden-shifting approach to premises liability. "The doctrine of stare decisis demands respect in a society governed by the rule of law, for when governing legal standards are open to revision in every case, deciding cases becomes a mere exercise of judicial will with arbitrary and unpredictable results." *Jacobs v. Director, N.H. Div. of Motor Vehicles*, 149 N.H. 502, 504 (2003) (quotations omitted). Thus, when asked to reconsider a previous holding, the question is not whether we would decide the issue differently *de novo*, but "whether the ruling has come to be seen so clearly as error that its enforcement was for that very reason doomed." *Id.* at 504-05 (quotation omitted); *see Planned Parenthood of Southeastern PA. v. Casey*, 505 U.S. 833, 854 (1992). Several factors inform our judgment, including: (1) whether the rule has proven to be intolerable simply in defying practical workability; (2) whether the rule is subject to a kind of reliance that would lend a special hardship to the consequences of overruling; (3) whether related principles of law have so far developed as to have left the old rule no more than a remnant

of abandoned doctrine; and (4) whether facts have so changed, or come to be seen so differently, as to have robbed the old rule of significant application or justification. *Jacobs*, 149 N.H. at 505; *see Planned Parenthood*, 505 U.S. at 854-55.

The plaintiff has failed to demonstrate that our traditional approach to premises liability meets this stringent standard. Nothing in his argument persuades us that our traditional approach to premises liability has proven unworkable or was badly reasoned. Nor does the fact that, at most, six jurisdictions have adopted the burden-shifting approach to premises liability persuade us that related principles of law have so far developed as to have left our traditional approach to premises liability no more than a remnant of abandoned doctrine.

*Reversed and remanded.*

BRODERICK, C.J., and DUGGAN and HICKS, JJ., concurred.