**CENOBIA PEREZ and LUIS SANCHEZ PEREZ, Appellants/Plaintiffs**

**v.**

**THE RITZ-CARLTON (VIRGIN ISLANDS), INC., THE RITZ-CARLTON HOTEL COMPANY, LLC, and R.C. HOTEL (VIRGIN ISLANDS), INC., d/b/a THE RITZ-CARLTON, ST. THOMAS, Appellees/Defendants**

S. Ct. Civil No. 2011-0050

Supreme Court of the Virgin Islands

August 14, 2013

ALAN R. FEUERSTEIN, ESQ., Feuerstein & Smith, LLP, St. Thomas, USVI, *Attorney for Appellants*.

SIMONE R. D. FRANCIS, ESQ., Ogletree, Deakins, Nash, Smoak & Stewart, LLC, St. Thomas, USVI, *Attorney for Appellees*.

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION OF THE COURT

(August 14, 2013)

CABRET, *Associate Justice*. Cenobia and Luis Sanchez Perez appeal the Superior Court's grant of summary judgment to R.C. Hotel (Virgin Islands), Inc., and The Ritz-Carlton Hotel Company, LLC, in a case brought after Ms. Perez fell on the premises of the Ritz-Carlton Hotel on St. Thomas. Because there is sufficient evidence to allow a jury to find

that these parties had actual knowledge of a recurring dangerous condition on the hotel property, thus creating a material issue of fact, we reverse the Superior Court's grant of summary judgment and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 16, 2007, Cenobia Perez and Michelle Page were scheduled to give massages to two guests of the Ritz-Carlton Hotel at 10 a.m. At the time, both Perez and Page were independent contractors working at the hotel as massage therapists. Perez had been working in that capacity since 2001. Although it was "drizzl[ing]" at 10 a.m., and the rain had been "heavier" earlier in the morning, the hotel guests chose to receive their massages outside in the cabana area. (J.A. 550, 635-36.) To get from the spa to the cabana area, Perez, Page, and the guests walked outside along a coral stone pathway and staircase, which were wet from the rain. Page led the way with the two guests in the middle and Perez following behind. When Perez reached the landing at the top of the stairs, she slipped on fallen leaves, grass, dirt, and other debris that had accumulated on the stairs, falling down the stairs and injuring her head, back, and spine.

Perez and her husband Luis Perez filed a complaint in Superior Court against The Ritz-Carlton (Virgin Islands), Inc., ("RCVI"), the operator of the hotel, on September 15, 2008, alleging negligence and loss of consortium.[1] They later amended their complaint to add an action for breach of contract and two additional defendants, R.C. Hotel (Virgin Islands), Inc., d/b/a The Ritz-Carlton, St. Thomas ("RC Hotel"), which owns the hotel property, and The Ritz-Carlton Hotel Company, LLC, ("RCHC"), which the Perezes alleged "owns and possesses" the hotel. (J.A. 17, 509.)

On May 12, 2009, RCVI, RC Hotel, and RCHC moved for partial summary judgment on the Perezes' negligence claims, arguing that they had failed to identify evidence showing that RCVI, RC Hotel, or RCHC had notice of a dangerous condition, that the leaves and debris on the pathway and stairs was an open and obvious condition, and that their daily cleaning routine prevented a finding of negligence. Later that month, on

---

[1] They filed an identical action with the District Court of the Virgin Islands, but it was dismissed on March 6, 2009, for lack of subject matter jurisdiction.

May 22, 2009, RCVI, RC Hotel, and RCHC moved for summary judgment on the breach of contract claim, arguing that there was no evidence of a contract.

On September 17, 2009, the Superior Court granted summary judgment to RCVI on the negligence claims.[2] The Superior Court then ordered the Perezes to "supplement the record with any evidence . . . that indicates whether Defendants R.C. Hotel or Ritz-Carlton LLC had actual or constructive knowledge of the condition(s) that caused . . . [Ms.] Perez to fall." (J.A. 507.) In response, the Perezes submitted Ms. Perez's deposition testimony, as well as that of Page, Robert Trainer, Jane Desir, and Gillian Brooks — hotel employees at the time Ms. Perez fell — to establish that it was raining on the day of the incident, that leaves and other debris were present on the stairs when she fell, and that RC Hotel and RCHC were aware of the dangerous condition caused by rainfall, yet failed to take adequate remedial measures. The Perezes also submitted evidence that two other people had previously slipped on the stairs, and submitted pictures of the stairs purportedly showing moss growth on the day Ms. Perez fell. Moreover, they submitted expert testimony and reports to show structural defects in the stairs and surrounding area — such as handrails that violated the building code, building materials that encouraged the growth of moss, and construction that encouraged the accumulation of debris on the stairs during substantial rainfall — which all allegedly contributed to the fall and resulting injuries.

On June 1, 2011, the Superior Court granted summary judgment to RCVI, RC Hotel, and RCHC on the breach of contract claim, finding that the Perezes had failed to submit any evidence of a contract. In a separate order that same day, the court also granted summary judgment to RC Hotel and RCHC on the negligence claims, finding that there was no evidence to show that either defendant had notice of the debris or moss on the stairway on the day Ms. Perez fell, nor was there evidence that the stairs themselves were defective or unreasonably dangerous.

---

[2] The Perezes initially appealed the court's grant of summary judgment to RCVI, but later moved to dismiss the appeal. *Perez v. Ritz Carlton Hotel (Virgin Islands), Inc.*, S. Ct. Civ. No. 2009-0101, slip op. at 1 (V.I. Nov. 19, 2009) (unpublished) (granting dismissal).

## II. JURISDICTION

We have jurisdiction over this appeal pursuant to title 4, section 32 of the Virgin Islands Code, which vests the Supreme Court with jurisdiction over "all appeals arising from final judgments, final decrees, [and] final orders of the Superior Court." V.I. CODE ANN. tit. 4, § 32(a). The Superior Court's June 1, 2011 Orders granting summary judgment are final orders within the meaning of section 32, *Sealey-Christian v. Sunny Isle Shopping Ctr., Inc.*, 52 V.I. 410, 418 (V.I. 2009), and the Perezes filed a timely notice of appeal on June 27, 2011.[3] V.I.S.CT.R. 5(a)(1).

## III. DISCUSSION

The Perezes argue the Superior Court erred in granting summary judgment because they proffered sufficient evidence to show that RC Hotel and RCHC ("Appellees") had constructive notice of a dangerous condition on the pathway and stairs to create a question of fact for the jury. They also argue that there is sufficient evidence to show that the area where Ms. Perez fell was negligently constructed because it was built on a slope which causes leaves, grass, and soil to collect on the pathway and stairs when it rains, and that the pathway and stairs lacked adequate handrails in violation of the Virgin Islands building code.

The Superior Court's grant of summary judgment is subject to plenary review by this Court. *Williams v. United Corp.*, 50 V.I. 191, 194-95 (V.I. 2008). In reviewing that ruling, this Court applies the same test the Superior Court should have utilized, and may not weigh the evidence or determine the credibility of witnesses. *Id.* at 194-95. Instead, we view all inferences from the evidence in the light most favorable to the nonmoving party, and take the nonmoving party's conflicting allegations as true if properly supported. *Id.* Although "[s]ummary judgment is a drastic remedy," the nonmoving party may not rest on its allegations alone, but must present actual evidence, amounting to more than a scintilla, showing a genuine issue for trial. *Id.* (citing *Anderson v. Liberty Lobby, Inc.*,

---

[3] Although the Perezes included the order granting summary judgment on the breach of contract count in the notice of appeal, they make clear in their reply brief that they are not appealing this order. Additionally, the order granting summary judgment to RCVI on the negligence claims on September 17, 2009, was not listed in the notice of appeal, and the Perezes also make clear in their reply brief that they are not appealing the court's grant of summary judgment to RCVI.

477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) and *Saldana v. Kmart Corp.*, 260 F.3d 228, 232-34, 43 V.I. 361 (3d Cir. 2001)). And we may only affirm the Superior Court "when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact." *Williams*, 50 V.I. at 195.

█ In order to determine whether the Superior Court's grant of summary judgment was appropriate, we must analyze the court's decision in the context of the substantive law governing the cause of action. *Sealey-Christian*, 52 V.I. at 419. This would normally require us to determine whether the Perezes submitted sufficient evidence to support a jury finding that Appellees owed Ms. Perez a duty of care, that they breached that duty of care, and that their actions were the legal cause of Ms. Perez's injuries. *Id.* (quoting *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991) (applying the Restatements under Virgin Islands law)). But the only issue raised by Appellees in their motion for summary judgment and preserved on appeal is their argument that they had no notice of a dangerous condition — and therefore did not breach their duty of care. While they did argue in a single footnote of their motion that there was insufficient evidence regarding causation, this issue was not addressed by the Superior Court and Appellees did not raise this argument in their appellate brief. V.I.S.Ct.R. 22(m) ("Issues that were . . . raised or objected to [before the Superior Court] but not briefed . . . are deemed waived for purposes of appeal . . . ."). Accordingly, the only issue properly before this Court is whether the Superior Court erred in finding that the Perezes failed to submit sufficient evidence to create a genuine issue of material fact regarding Appellees' breach of their duty of care.[4]

---

[4] Appellees argue that this Court may affirm summary judgment because the Perezes failed to produce sufficient evidence of either parties' possession of the property for the purposes of premises liability. But they did not raise this issue in their motion for summary judgment. Instead, Appellees referred to it only in a short footnote in their reply to the Perezes' opposition to summary judgment, and the Superior Court never addressed this argument. Like an issue raised for the first time in an appellate reply brief, an issue raised for the first time in a reply brief supporting summary judgment is deemed waived because the opposing party typically does not have the opportunity to respond. *See, e.g., Nat'l Fire Ins. Co. of Hartford v. Lewis*, 898 F. Supp. 2d 1132, 1148 n.11 (D. Ariz. 2012) (citing *Delgadillo v. Woodford*, 527 F.3d 919, 930 n.4 (9th Cir. 2008)) (refusing to "consider arguments raised [by the defendants] for the first time in a reply" to plaintiffs' opposition to summary judgment); *RIV VIL, Inc. v. Tucker*, 979 F. Supp. 645, 653 n.10 (N.D. Ill. 1997) (citing *United States v. Hughes*, 970 F.2d 227, 234 (7th Cir. 1992)) (declining to address arguments in reply brief

In its grant of summary judgment, the Superior Court found that even assuming "there was significant wind and rain the day of [Ms. Perez]'s accident, it may not be inferred that [Appellees] had actual or constructive notice of debris on the stairway simply because these weather conditions occurred." (J.A. 12.) The court explained that " '[e]ven when the general weather conditions are such that a hazardous condition may materialize, constructive notice cannot be inferred from this mere possibility.' " (J.A. 12 (quoting *Tameru v. W-Franklin, L.P.*, 350 Fed. Appx. 737, 740 (3d Cir. 2009)).) Because the Perezes had failed to provide evidence of how long the debris was on the pathway and stairs, the court held, summary judgment was appropriate.

■■ We first note that a possessor of land is subject to liability for physical harm caused to its business invitees by a condition on the land only if it

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

*Sealey-Christian*, 52 V.I. at 424 (quoting RESTATEMENT (SECOND) OF TORTS § 343).[5] To establish that Appellees breached their duty to protect Ms. Perez

"because the defendants did not raise them in the memorandum accompanying their summary judgment motion"); *see also* V.I.S.CT.R. 4(h) ("Only issues and arguments fairly presented to the Superior Court may be presented for review on appeal . . . ."). Furthermore, in their appellate brief, Appellees' arguments on whether the Perezes submitted sufficient evidence of possession amount to a single paragraph lacking any citation to legal authority, and therefore this issue is also waived on that ground. V.I.S.CT.R. 22(m) ("Issues that . . . are only adverted to in a perfunctory manner or unsupported by argument and citation to legal authority, are deemed waived for purposes of appeal . . . .").

[5] *Sealey-Christian* and our older cases cited 1 V.I.C. § 4 — which provides "[t]he rules of the common law, as expressed in the restatements of the law . . . and . . . as generally understood and applied in the United States, shall be the rules of decision in the courts of the Virgin Islands . . . in the absence of local laws to the contrary" — in applying RESTATEMENT (SECOND) OF TORTS § 343 to premises liability actions. *See also Bright v. United Corp.*, 50 V.I. 215, 223-24 (V.I. 2008); *Williams v. United Corp.*, 50 V.I. 191, 195-96 (V.I. 2008). These cases were decided before the publication of the Restatement (Third) of Torts: Physical and Emotional Harm (2010), and before this Court's decision in *Banks v. Int'l Rental & Leasing*

against a dangerous condition, the Perezes had to show that Appellees had actual or constructive notice of the condition, and that they should have realized this condition involved an unreasonable risk of harm. *See Williams*, 50 V.I. at 195; RESTATEMENT (SECOND) OF TORTS § 343.

In order to show constructive notice, courts applying Virgin Islands law have typically required plaintiffs to demonstrate that the condition existed long enough before the injury that the possessor should have discovered it in the exercise of reasonable care. *Williams*, 50 V.I. at 195-99 (evidence allowed an inference that "the substance had been on the floor long enough that Plaza should have discovered it"); *Saldana*, 260 F.3d at 232 ("Because Saldana does not allege actual notice on the part of Kmart, she would ultimately be required to show that the wax was on the floor long enough to give Kmart constructive notice of this potential unreasonable risk of harm." (internal alternations and quotation marks omitted)); *Joseph v. Speedy Gas, Inc.*, 55 V.I. 1219, 1228 (D.V.I. App. Div. 2011) ("To show 'unreasonable risk of harm' under the controlling standard, Joseph was required to demonstrate that the condition existed 'long enough' to present constructive notice."). Appellees correctly point out that the Perezes failed to produce evidence showing how long the leaves and debris were on the pathway and stairs before Ms. Perez fell, and therefore they cannot survive summary judgment under this theory of constructive notice. *See Saldana*, 260 F.3d at 234 (affirming summary judgment where there was a "complete absence of relevant evidence . . . on the critical question of how long the wax was on the floor").

However, the Perezes argue that they identified sufficient evidence to support a finding of constructive notice through the testimony of hotel

---

*Corp.*, 55 V.I. 967, 979 (V.I. 2011), in which we held that "this Court and — to the extent not bound by precedent, the Superior Court — may determine the common law without automatically and mechanistically following the Restatements." Although we have not had occasion to consider the appropriate rule to apply in premises liability cases — section 343 of the Second Restatement, section 51 of the Third Restatement, or another common law rule — we decline to do so here as the parties did not raise this issue and the Superior Court did not address it in its June 1, 2011 Order granting summary judgment. *See Brodhurst v. Frazier*, 57 V.I. 365, 374 n.6 (V.I. 2012) (declining to address whether the Second or Third Restatement applies when it was not raised by the parties at summary judgment and the Superior Court did not consider the issue). And while this Court could reach this issue under *Banks*, we are not "inclined to do so *sua sponte* without receiving the benefit of briefing by the parties." *Banks*, 55 V.I. at 984 n.9.

employees who indicated that the accumulation of leaves and other debris is a regular occurrence after a rainstorm. The Perezes assert that this testimony is sufficient to support a finding that "[a]s a recurring problem, . . . [Appellees] had ample opportunity to notice the resulting" condition and "take corrective measures," (Appellants' Br. 17), creating a duty to protect Ms. Perez from the dangerous condition that "predictably resulted." (Appellants' Reply Br. 5.) Although this Court has yet to decide whether a possessor's knowledge of a recurring danger can establish constructive notice,[6] a substantial number of jurisdictions have held that "[a] defendant who has actual knowledge of an ongoing and recurring dangerous condition can be charged with constructive notice of each specific reoccurrence of the condition." *Milano v. Staten Island Univ. Hosp.*, 73 A.D.3d 1141, 903 N.Y.S.2d 78, 79 (App. Div. 2010); *see also Blair v. West Town Mall*, 130 S.W.3d 761, 765-66 (Tenn. 2004) ("plaintiffs may prove that a premises owner had constructive notice of the presence of a dangerous condition by showing a pattern of conduct, a recurring incident, or a general or continuing condition indicating the dangerous condition's existence"); *Mahoney v. J.C. Penney Co.*, 1962- NMSC 086, 71 N.M. 244, 377 P.2d 663, 673 (1963) (holding that when a possessor knows that a dangerous condition frequently reoccurs, "plaintiffs had a right to go to the jury on the issue of defendant's negligence" even where plaintiffs could not show "how long the [condition] remained on the stairs"); *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296-97 (Tex. 1983) (reversing directed verdict where, "even in the absence of evidence showing the storeowner's actual or constructive knowledge of the presence on the floor of the specific object causing the fall," the plaintiff had shown that the storeowner failed to protect its customers from a dangerous condition it knew to reoccur); *Dumont v. Shaw's Supermarkets, Inc.*, 664 A.2d 846, 848 (Me. 1995) ("A plaintiff does not have to prove that the store owner had actual notice of the specific condition giving rise to the injury if the plaintiff can establish that the store owner was aware

---

[6] In *White v. Spenceley Realty, LLC*, 53 V.I. 666, 679-80 (V.I. 2010), White argued that the "evidence show[ed] that there was an ongoing and persistent problem" creating constructive notice of a dangerous condition. But we affirmed summary judgment on the ground that Spenceley Realty — as the lessor — had no duty to inspect the premises, and only had a duty to repair once White — the lessee — notified Spenceley of an unsafe condition on the property. *Id.* Similarly, in *Williams*, we declined to decide whether the related "mode of operation" rule applies in the Virgin Islands. 50 V.I. at 201.

of the risk of a recurrence of a hazardous condition of the premises."); *Rallis v. Demoulas Super Markets, Inc.*, 159 N.H. 95, 977 A.2d 527, 531-32 (2007) (holding that the trial court erred in failing to instruct the jury that it could find constructive notice from evidence that the defendants knew of a recurring dangerous condition); *see also Moultrey v. Great A & P Tea Co.*, 281 Pa. Super. 525, 422 A.2d 593, 596 (1980); *Norton v. Wal-Mart Stores, Inc.*, 707 So. 2d 489, 493 (La. Ct. App. 1998); *Nance v. Winn Dixie Stores, Inc.*, 436 So. 2d 1075, 1076 (Fla. Dist. Ct. App. 1983).

The Appellate Division of the District Court of the Virgin Islands recently declined to apply this recurring condition rule, implying that it is not recognized by "the Restatement (Second) of Torts, Third Circuit common law [or] Virgin Islands jurisprudence." *Joseph*, 55 V.I. at 1227 at n.8 (affirming the Superior Court's grant of summary judgment in a slip-and-fall case). *Joseph* relied heavily on *Saldana*, in which the United States Court of Appeals for the Third Circuit held that absent a showing of actual notice, a plaintiff "would ultimately be required to show" that a dangerous condition existed on the property "long enough to give [the possessor] constructive notice of this potential unreasonable risk of harm." *Saldana*, 260 F.3d at 232 (quoting *David v. Pueblo Supermarket*, 740 F.2d 230, 234 (3d Cir. 1984)) (internal quotation marks omitted). But the plaintiff in *Saldana* did not argue that the dangerous condition causing her injury — wax on the floor of a St. Croix Kmart — was a recurring condition; instead she only attempted to show that the wax was on the floor long enough that Kmart should have realized the danger in the exercise of reasonable care. 260 F.3d at 232-33. Further — contrary to the Appellate Division's holding in *Joseph* — the recurring condition rule does not conflict with the longstanding application of Restatement section 343 in Virgin Islands jurisprudence.[7] This is made abundantly clear by the jurisdictions that allow actual knowledge of a dangerous recurring condition to establish constructive notice under section 343. *See Moultrey*, 422 A.2d at 596 ("[i]n construing [section 343], . . . where the condition is one which the owner knows has frequently recurred . . .

---

[7] We also note that the decisions of the Appellate Division serve only as persuasive authority on this Court. *See Defoe v. Phillip*, 56 V.I. 109, 119 (V.I.) (holding that this Court considers Third Circuit and Appellate Division case law as persuasive authority only), *aff'd*, 702 F.3d 735 (3d Cir. 2012). For the reasons outlined above, we find *Joseph* unpersuasive.

additional proof by the invitee that the owner had constructive notice of it" is not necessary); *Cutroneo v. F. W. Woolworth Co.*, 112 R.I. 696, 315 A.2d 56, 59 (1974) (applying section 343 and holding that the defendant's knowledge that floor tiles became slippery when wet and that it was raining created a jury question regarding notice); *Rallis*, 977 A.2d at 531 (applying recurring condition rule under section 343).[8]

The recurring condition rule has been described as a "modification" of "traditional" constructive notice principles embodied in RESTATEMENT section 343(a). *Sheehan v. Roche Bros. Supermarkets, Inc.*, 448 Mass. 780, 863 N.E.2d 1276, 1280 n.3, 1287 (2007) (adopting related "mode of operation" rule). However, in our view, the recurring condition rule — or "recurrent risk approach," as the court described it in *Sheehan* — arises directly from the basic principles of premises liability set out in the Restatements and the common law generally. It is a longstanding tenet of American jurisprudence that negligence can only arise from foreseeable harms, as "[t]he risk reasonably to be perceived defines the duty to be obeyed." *Palsgraf v. Long Island R.R. Co.*, 248 N.Y. 339, 162 N.E. 99, 100 (1928). Courts have more recently observed in section 343 premises liability actions that "[f]oreseeability . . . is the touchstone of the existence of the duty of reasonable or ordinary care." *Janis v. Nash Finch Co.*, 2010 SD 27, 780 N.W.2d 497, 502 (2010); *see also Banks v. Trustees of Univ. of Pa.*, 446 Pa. Super. 99, 666 A.2d 329, 331 (1995) ("As to invitees, possessors of land owe a duty to protect from foreseeable harm. RESTATEMENT, *supra*, §§ 341A, 343 and 343A."); *Benham v. King*, 700 N.W.2d 314, 318 (Iowa 2005) (in applying section 343, possessor "had a duty to use reasonable care to maintain [property] in a reasonably safe condition to protect [invitee] against foreseeable risks of harm"). Liability for such foreseeable harms is based on the possessor's superior knowledge of the property, as the possessor is in the best position to know of potentially dangerous conditions on the property — and therefore has a heightened duty to protect those it invites onto the property from foreseeable harm caused by those conditions. *See, e.g., Janis*, 780 N.W.2d

---

[8] Like the Second Restatement, the Restatement (Third) of Torts: Physical and Emotional Harm is silent on the recurring condition rule, requiring only that "a land possessor . . . use reasonable care to investigate and discover dangerous conditions and . . . use reasonable care to attend to known or reasonably knowable conditions on the property." RESTATEMENT (THIRD) OF TORTS: PHYSICAL AND EMOTIONAL HARM § 51 cmt. a.

at 502 ("The liability of a landowner to an invitee for failure to render the premises reasonably safe for an invitee, or failure to warn him of a dangerous condition on the premises, is predicated upon a landowner's superior knowledge concerning the dangers of his property."); *Warren v. Hudson Pulp & Paper Corp.*, 477 F.2d 229 (2d Cir. 1973) ("The underlying prerequisite to liability in the landowner is superior knowledge."); *McClure v. Koch*, 433 S.W.2d 589, 593 (Mo. Ct. App. 1986) ("liability of an occupier or a possessor of premises is predicated on the occupier's or possessor's superior knowledge of the dangerous condition and the danger therefrom to persons going upon the premises"); *Ramsey v. Mercer*, 142 Ga. App. 827, 237 S.E.2d 450, 451-52 (1977) ("The basis of the proprietor's liability is his superior knowledge"). It is entirely consistent with these fundamental legal notions that a possessor, which — due to its superior knowledge — has actual knowledge that a dangerous condition recurs on its property, possesses a duty to protect its invitees from harms caused by the foreseeable reoccurrence of this condition.

██ ██ Furthermore, we are persuaded by the fact that the recurring condition rule is not in conflict with the principle that "the possessor is not an insurer of the visitor's safety." *Viotty v. Bank of Nova Scotia*, No. 1:06-cv-6, 2010 U.S. Dist. LEXIS 60816, *8 (D.V.I. June 18, 2010) (quoting RESTATEMENT (SECOND) OF TORTS § 344 cmt. f). It does not impose strict liability on possessors or add any duties beyond what the law already requires—the exercise of reasonable care to protect invitees from known or foreseeable dangers. *See Dumont*, 664 A.2d at 849 n.1 ("This principle neither imposes strict liability on the defendant for injuries sustained on its premises nor makes the defendant the absolute insurer of its customers. If the owner of the premises has taken precautions reasonably necessary to protect its customers, then the owner is not liable to customers injured on the premises."). As the New Mexico Supreme Court explained in *Mahoney*, "we do not mean to say that a proprietor becomes an insurer or that *res ipsa loquitur* will apply; nor do we change any of the principles of law enunciated" in prior case law. 377 P.2d at 674. Instead, the recurring condition rule is "focuse[d] directly on . . . principle[s] firmly established in [previous] case law — that a premises owner's duty to remedy a condition, not directly created by the owner, is based on that owner's actual or constructive knowledge of the existence of the condition." *Blair*, 130 S.W.3d at 766. The recurring

condition rule "simply recognizes the logical conclusion that, when a dangerous condition occurs regularly, the premises owner is on constructive notice of the condition's existence." *Id.* Therefore, we hold that a plaintiff can establish that a possessor of land had constructive notice of a dangerous condition by introducing evidence that it had actual knowledge of a recurring dangerous condition.

 The Perezes argue that Appellees had constructive notice of the condition that caused Ms. Perez's injuries because the depositions of hotel employees show that Appellees had actual knowledge of a recurring dangerous condition caused by rainfall depositing debris on the pathway and stairs. When viewing the evidence in the light most favorable to the Perezes — as we must at this stage of the litigation — it is clear that they identified sufficient evidence to support a finding that Appellees' had constructive notice of a dangerous condition under the recurring condition rule. Gillian Brooks, a hotel employee, indicated in her deposition testimony that leaves and other debris from the trees accumulated on the stairs when it rained, and that she had seen two people lose their footing on the pathway and stairs in the past. *See Sealey-Christian*, 52 V.I. at 431 (imputing employee's knowledge to property owner for constructive notice); *Zisa v. City of New York*, 39 A.D.3d 313, 834 N.Y.S.2d 127, 128 (App. Div. 2007) (testimony of defendant's employee created a genuine issue of material fact regarding defendant's notice of a recurring condition); *see also* RESTATEMENT (THIRD) OF AGENCY § 5.03 ("For purposes of determining a principal's legal relations with third parties, notice of a fact that an agent knows or has reason to know is imputed to the principal if knowledge of the fact is material to the agent's duties to the principal."). Similarly, Robert Trainer, another hotel employee, testified that "leaves or debris or things like that . . . would come falling down or running down the pathway" by the spa after it rained, and that rainwater would "flow down the pathways like a waterfall."[9] (J.A. 655-57.) Jane Desir, also a hotel employee, testified that it was her job to sweep the pathways and stairs on the property after it rained due to the

---

[9] Appellees argue that we cannot consider Trainer's testimony because the Perezes did not rely on his testimony in their opposition to summary judgment. But Federal Rule of Civil Procedure 56(c)(3) — applicable to summary judgment proceedings through Superior Court Rule 7 — provides that a court may consider all evidence in the record in ruling on the motion. FED. R. CIV. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record.").

accumulation of leaves and other debris — although she provided conflicting testimony on whether she regularly swept the area where Ms. Perez fell.[10] This testimony was supported by the Perezes' expert report which indicated it was "very likely" that as water drained down the pathway, debris from the surrounding vegetation would be deposited due to the speed of the water. (J.A. 581.) This evidence supports the conclusion that Appellees had actual knowledge that rainfall causes a dangerous condition. None of the parties dispute that it rained on the day of Ms. Perez's fall, and there is evidence showing that Appellees were aware of this weather condition on the day of the incident. Page, another hotel employee, testified that the rain was "heavier" earlier in the morning before Ms. Perez's fall and that it was still a "drizzle" as she and Ms. Perez walked along the pathway to the stairs. (J.A. 154, 641-43.) Brooks testified that there was a "passing shower" on the day Ms. Perez fell, but that warning signs were not put out because it was not a "heavy downpour." (J.A. 627.) This evidence, viewed in the light most favorable to the Perezes, establishes that Appellees had notice of a recurring dangerous condition caused by leaves and other debris accumulating on the stairs and pathway whenever it rains, and therefore this evidence is sufficient to present a question of fact regarding constructive notice that a jury must resolve. See Tameru, 350 Fed. Appx. at 740 ("Weather conditions can . . . support an inference of actual or constructive notice of a hazardous condition when coupled with evidence that the defendant had knowledge of both the weather condition at the time of the accident and the fact that the weather condition created hazards on the premises.") (applying Pennsylvania law); Harris v. H. G. Smithy Co., 429 F.2d 744, 746, 139 U.S. App. D.C. 65 (1970) ("Liability for negligence does not require notice of the particular puddle that caused the fall. It is sufficient to show notice of rain, combined with the probability that . . . rainy weather" causes a dangerous condition) (applying D.C. law).

▮ Appellees' arguments to the contrary do not change this holding. They argue that there is no testimony regarding "how bad the rain was on

--------

[10] While Desir at first testified that when it rains, she sweeps the stairs "lead[ing] down to the spa," she later indicated that "we don't have nobody" responsible for "sweep[ing] the cabana steps and the steps to the pool." (J.A. 623.)

the date of the incident," (Appellees' Br. 9 n.20),[11] and that the testimony of the hotel employees only established that Appellees followed a reasonable maintenance schedule, preventing a finding of negligence on their part. But this does not change the fact that there is a genuine issue of material fact regarding Appellees' constructive notice of a dangerous condition on the day of Ms. Perez's fall through their knowledge that rainfall causes a dangerous condition on the pathway and stairs. Appellees' arguments merely raise the question of whether they acted reasonably given the conditions on the day of Ms. Perez's fall — including the adequacy of the maintenance schedule and the decision not to put out warning signs — which are not appropriate for a court to determine at the summary judgment stage. Instead, questions of whether a party acted reasonably — which can defeat or mitigate liability — are issues of fact that must be decided by a jury. *Augusta Country Club, Inc. v. Blake*, 280 Ga. App. 650, 634 S.E.2d 812, 816 (2006) (indicating that the reasonableness of an inspection and maintenance schedule is a jury question); *Detrick v. Columbia Sussex Corp.*, 90 Ohio App. 3d 475, 629 N.E.2d 1081, 1082 (1993) ("Whether the owner acted with reasonable care under the circumstances is a question of fact for the jury."); *Rhoades v. K-Mart Corp.*, 863 P.2d 626, 631 (Wyo. 1993) ("whether K-Mart's inspection procedures . . . were sufficient to meet the standard of ordinary care under the[] circumstances was a question of fact for the jury").

Accordingly, the Perezes identified sufficient evidence to support a jury finding that Appellees knew that it was raining on the day Ms. Perez fell, knew that whenever it rained leaves and debris would accumulate on the pathway and stairs, and knew that this created a dangerous condition. Therefore, there is a genuine issue of material fact regarding Appellees' constructive notice of the condition that caused Ms. Perez's injuries through evidence that they had actual knowledge of a recurring dangerous condition on the property.[12]

---

[11] Appellees' Brief contains a total of sixty-five footnotes, which include many of their substantive arguments and citations to case law. We direct Appellees to Supreme Court Rule 15(a), which provides that "[e]xcessive footnotes in briefs and motions are discouraged."

[12] The Perezes also argue that they identified sufficient evidence to survive summary judgment by showing that Appellees created a dangerous condition through the negligent construction of the pathway and stairs, including the failure to install adequate handrails, the

## IV. CONCLUSION

For the foregoing reasons, we reverse the Superior Court's June 1, 2011 Order granting summary judgment to RC Hotel and RCHC on the Perezes' negligence claims and remand for further proceedings.

---

placement of plants and other vegetation around the pathway and stairs, and using materials that "organisms which create a slickening affect are known to grow on." (Appellants' Br. 22-24.) Because we hold that there is a genuine issue of material fact regarding Appellees' constructive notice of a dangerous recurring condition, we do not reach these arguments.