**DIANE CARRILLO, Appellant/Defendant**

**v.**

**CITIMORTGAGE, INC., Appellee/Plaintiff**

S. Ct. Civil No. 2014-0043

Supreme Court of the Virgin Islands

October 20, 2015

DIANE CARRILLO, St. Thomas, USVI, *Pro se.*

MATTHEW J. DUENSING, ESQ., Duensing, Casner & Fitzsimmons, St. Thomas, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(October 20, 2015)

SWAN, *Associate Justice.* Appellant Diane Carrillo (hereinafter "Carrillo") appeals the Superior Court's June 19, 2014 order granting summary judgment in favor of CitiMortgage, Inc. (hereinafter "Citi") in an action for debt and foreclosure upon her mortgage. Carrillo failed to demonstrate that a genuine issue of material fact exists to preclude summary judgment. Accordingly, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

On or about October 19, 1992, Carrillo executed and delivered to Fidelity Union Mortgage Corporation (hereinafter "Fidelity") a note in which she promised to pay Fidelity the principal sum of $130,000, together with interest at the rate of eight and one quarter percent (8¼%) per annum, payable in consecutive monthly installments of $976.65. Carrillo also executed and delivered a mortgage to Fidelity as security for the debt evidenced by the note.[1] The property is described as: Parcel No. 15 Estate Fortuna (Former Military Reservation), No. 8 West End Quarter, St. Thomas, Virgin Islands, and the mortgage was recorded in the

---

[1] The record indicates that there was already a $20,000 mortgage on Parcel No. 15 Estate Fortuna in 1992, but Carrillo paid that mortgage loan in full on December 13, 2000, so Citi is the only lienholder on the property. (J.A. 63-64.)

Recorder's Office for the District of St. Thomas and St. John on October 23, 1992.

Carrillo's mortgage was subsequently assigned four times. First, Fidelity assigned Carrillo's mortgage to Standard Federal Savings Bank on October 19, 1992. Second, on or about October 1, 1996, the Federal Deposit Insurance Corporation, as the receiver for Standard Federal Savings Association, assigned the mortgage and note to America's Lending Network, Inc. (J.A. 12.) Subsequently, America's Lending Network, Inc. assigned the note and mortgage to First Nationwide Mortgage Corporation. Then, First Nationwide merged into Citi in 2003, and Citi became the holder of the loan note and mortgage against Carrillo's property.[2]

On December 27, 2001, Carrillo entered into a loan modification agreement with First Nationwide Mortgage Corporation, the owner and holder of her note and mortgage at that time. The terms of the modification agreement augmented the note and mortgage from the original principal amount of $130,000 to $180,973.58. The difference of $58,261.57 was attributed to the money paid or incurred by First Nationwide Mortgage Company in advanced taxes, insurance premiums, other necessary expenses and unpaid accrued interest. This modification agreement also reduced the interest rate from 8.25% to 6.875% and extended the repayment period by 19 years from November 1, 2022 to November 1, 2041. Under this agreement, the first monthly payment of $1,108.23 was due December 1, 2001.

On or about June 6, 2007, Citi, the owner and holder of Carrillo's mortgage and note, filed a lawsuit against Carrillo in the Virgin Islands Superior Court. Subsequently, Carrillo and Citi executed a general release on June 6, 2007, the purpose of which was for Carrillo to "receive certain considerations, including but not limited to a loan modification, in full settlement and discharge of all claims, which are, might or could have been, the subject matter of her counterclaim, upon [certain] terms and conditions." (J.A. 14.)

In consideration of the joint executed release, Carrillo entered into a modification agreement with Citi to modify the terms of her note and

---

[2] Documentation showing that Citi is the holder and owner of Carrillo's mortgage and note via assignment and merger are recorded at the Recorder's Office for the District of St. Thomas and St. John of the U.S. Virgin Islands. (J.A. 12.)

mortgage on June 25, 2007 for a second time. The terms of the second modification agreement (hereinafter the "Citi/Carrillo Modification Agreement") increased Carrillo's indebtedness from $180,973.58 to $202,747.16 and disclosed that the total capitalized amount of $22,657.92 was added to the outstanding principal balance, resulting in a total amount of $202,747.16 due from Carrillo. To further satisfy the debt under the Citi/Carrillo Modification Agreement, Carrillo agreed to pay Citi $1,282 monthly, commencing June 1, 2007.

On November 1, 2007, Citi wrote to Carrillo notifying her that her loan was in default and demanding payment. Citi gave Carrillo an opportunity to cure the default by paying the sum of $8,346.99, which included $256.40 in late charges and $1,283.75 in delinquency related expenses. The letter informed Carrillo that her failure to cure the default by December 2, 2007 could result in the acceleration of all sums due under the mortgage. Despite Citi's demand, Carrillo failed to comply with the terms of the note, as modified by the Citi/Carrillo Modification Agreement, to pay the principal and interest when they became due.

After futile demands by Citi to Carrillo to comply with the terms of the note and cure her default, Citi initiated a lawsuit against Carrillo for debt and foreclosure of the mortgage and note on October 29, 2010. In response, Carrillo filed an answer and counterclaims on March 23, 2011. Citi filed a motion for summary judgment on September 17, 2013 seeking an entry of judgment to foreclose the mortgage, to enforce payment of the note and to dismiss Carrillo's counterclaim, which was granted by the Superior Court.

## II. JURISDICTION AND STANDARDS OF REVIEW

"The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." 4 V.I.C. § 32(a). A final judgment within the meaning of 4 V.I.C. § 32(a) is one that "disposes of all the claims submitted to the Superior Court for adjudication." *Matthew v. Herman*, 56 V.I. 674, 677 (V.I. 2012). The Superior Court's June 19, 2014 order granting summary judgment to Citi on its complaint and on Carrillo's counterclaims disposed of all the parties' claims, making it a final order; therefore, this Court has jurisdiction over this appeal.

This Court "exercise[s] plenary review over a decision granting or denying summary judgment." *Walters v. Walters*, 60 V.I. 768, 774 (V.I.

2014) (collecting cases). When reviewing the record, this Court must utilize the same test applied by the Superior Court and must view all inferences from the evidence in the light most favorable to the non-moving party and accept the non-moving party's conflicting allegations as true *if properly supported* by evidence. *Williams v. United Corp.*, 50 V.I. 191, 194-95 (V.I. 2008). "The nonmoving party's evidence must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance." *Id.* at 195. To survive a summary judgment motion, the non-moving party "may not rest upon mere allegations and must present actual evidence showing a genuine issue for trial." *Machado v. Yacht Haven U.S.V.I., LLC*, 61 V.I. 373, 379 (V.I. 2014) (citing *Williams*, 50 V.I. at 194) (alteration omitted). "Summary judgment is a drastic remedy [and] should be granted only when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact." *Id.* at 379-80.

## III. DISCUSSION

### A. The Superior Court Properly Granted Summary Judgment on the Debt and Foreclosure Claim in Favor of Citi

In granting summary judgment in favor of Citi on its claim for debt and foreclosure of the property, the Superior Court found that Citi met its evidentiary burden on its cause of action for debt and foreclosure and that Carrillo presented no evidence that a genuine issue of material fact exists as to her counterclaims. Carrillo argues on appeal that the Superior Court erred in granting summary judgment. We disagree.

This Court analyzes the Superior Court's grant of summary judgment on the debt and foreclosure action "in the context of the substantive law governing the cause of action." *Machado*, 61 V.I. at 380 (citing *Perez v. Ritz-Carlton (V.I.), Inc.*, 59 V.I. 522, 528 (V.I. 2013)). Thus, we consider whether the Superior Court correctly determined that there was not a genuine issue of material fact regarding any of the three elements that Citi had to establish to prevail on the foreclosure action: that "(1) the debtor executed a promissory note and mortgage, (2) the debtor is in default under the terms of the note and mortgage, and (3) the lender is authorized to foreclose on the property mortgaged as security for the note." *Anthony v. FirstBank Virgin Islands*, 58 V.I. 224, 232 (V.I. 2013) (citing *Thomas v. Fla. Wood Treaters, Inc.*, 52 V.I. 986, 995 (D.V.I. 2009)).

■ Citi presented evidence to support its cause of action for debt and foreclosure, including a copy of the original note and mortgage with Fidelity Union and copies of the two subsequent loan modifications that Carrillo executed, as well as documentation of how Citi became the holder and owner of Carrillo's loan, note and mortgage. (J.A. 275-78, 291-98.) In this case, Carrillo admits in her answer that she executed and delivered to Citi a note in which she promised to pay Fidelity the principal sum of $130,000 together with interest at a rate of eight and one-quarter percent (8¼%) per annum. Carrillo also admitted in her answer that in addition to executing the note, she executed and delivered to Fidelity a mortgage on her property, to secure the indebtedness of the note. And, under the Citi/Carrillo Modification Agreement, Carrillo agreed to pay $1,282 monthly beginning June 1, 2007. The Citi/Carrillo Modification Agreement and note also include an acceleration clause, triggered upon default, where the entire principal sum and all accrued interest become immediately due. The acceleration clause specifically provides that "if any monthly installment under th[e] Note is not paid when due and remains unpaid after a date specified by a notice to [Carrillo], the entire principal amount outstanding and accrued interest thereon shall at once become due and payable at the option of the Note holder." (J.A. 18.)

Citi also provided evidence that Carrillo defaulted under the terms of the mortgage and note. Cassie Nixon, the Litigation Unit Manager and Assistant Vice President, who has personal knowledge of the matter, attested that Carrillo is in default under the note and mortgage for failing to pay the principal and interest as due under the note as modified. She also avers that Carrillo made a payment in June 2007 and a payment in September 2007, the latter of which was applied to the installment due in July 2007. As the owner of Carrillo's mortgage and note, Citi elected to exercise its right under the note to accelerate the debt and declare the entire unpaid principal and all accrued interest immediately due and payable.

After Citi established that there is no genuine issue of material fact regarding its action for debt and foreclosure, the burden shifted to Carrillo to identify specific areas in the record setting forth "affirmative evidence" that there is a genuine issue of material fact from which a jury may reasonably return a verdict in her favor. *Chapman v. Cornwall*, 58 V.I. 431, 436 (V.I. 2013). Accordingly, "[t]o satisfy this burden on a properly pled summary judgment motion, [Carrillo] may not rest on . . . pleadings

675

or offer mere allegations or denials, but must come forward with other evidence, by affidavit or otherwise." *Weary v. Long Reef Condo. Ass'n*, 57 V.I. 163, 169 (V.I. 2012).

In opposing Citi's summary judgment motion, Carrillo acknowledged the first and third requirements necessary for Citi to prevail on its foreclosure action, but denied that she was in default on her mortgage and note — the second requirement. Specifically, Carrillo argued that she attempted to comply with the terms and condition of the note as modified by the Citi/Carrillo Modification Agreement, but that Citi rejected her payment in order to maximize its damages. In support of her opposition, Carrillo contended that Citi failed to provide evidence of financial data that demonstrates it is entitled to the amount it seeks. However, in her opposition to the motion for summary judgment, Carrillo neither provided specific evidence to confirm that there is an issue of material fact regarding the amount of Citi's damages, nor submitted any affidavits, answers to interrogatories, or sworn documentation that refutes the affidavit Citi provided from Cassie Nixon. Additionally, the exhibits she attached to her court filing do not establish any genuine dispute as to any material fact. Importantly, Carrillo failed to produce any documentation or evidence supporting the claim that she demanded an accounting of her loan balance with Citi. Moreover, Carrillo failed to provide evidence to contest Citi's allegation that she was in default, under the Citi/Carrillo Modification Agreement, because the first payment of $1,282 was due on June 1, 2007, and she only made payments in June and September 2007. Indeed, Carrillo's exhibits support and serve to reinforce her default and the ground on which Citi may foreclose on her property, because they evidence her debt and default under the terms of the note. Thus, Carrillo failed to present this Court with anything more than allegations, unsupported by any actual evidence showing a genuine issue for trial. *Perez*, 59 V.I. at 527-28 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) and *Saldana v. Kmart Corp.*, 260 F.3d 228, 232-34, 43 V.I. 361 (3d Cir. 2001)). And, since there is no genuine issue of material fact, the Superior Court's grant of summary judgment on the cause of action for debt and foreclosure is appropriate.

■

## B. The Superior Court Correctly Granted Summary Judgment Against Carrillo on Her Counterclaims

Carrillo also alleged various counterclaims against Citi in her answer to Citi's complaint, including "bad faith, predatory lending, truth in lending violations, [and] an intentional decision to foreclose on [Carrillo's] property." (J.A. 208-09.) Citi refutes these counterclaims in its summary judgment motion, arguing that Carrillo's counterclaims are meritless and that it did everything it could to help Carrillo retain her property, but that Carrillo was unable to afford the property, and that the cost for Carrillo became more prohibitive with the added accrued interest. (J.A. 209.) Moreover, Citi claimed that the general release that Carrillo executed "released Citi [ ], its predecessors, etc., of all claims she may have had against . . . [Citi] that existed up to and including June 6, 2007." (J.A. 209.) Specifically, Citi argued that regardless of whatever claims Carrillo had against Citi, they were extinguished when she executed the release in consideration for the loan modification. (J.A. 209.)

Carrillo, however, did not address Citi's submissions in opposition to her counterclaims. (J.A. 247-52.) Instead, Carrillo argued: (1) that she attempted to comply with the terms and conditions of the note as modified but Citi rejected her payments in order to maximize its damages, (2) that Citi prohibited her from making partial payments in an effort to mitigate her damages, (3) that the complaint asserts an illegal hybrid action and is void on its face and (4) that Citi has failed to carry its burden and summary judgment should therefore be denied. *Id.* Upon review, the Superior Court correctly granted summary judgment in favor of Citi on Carrillo's counterclaims, correctly found that Carrillo presented no evidence upon which a jury might reasonably return a verdict in her favor on her counterclaims, and properly concluded that the release that she executed on June 6, 2007 bars all possible claims.

■ In this case, the release Carrillo executed is important to the disposition of the case. Section 1.1 of the release in pertinent part states that:

> In consideration of the loan modification set forth in Section 2, Defendant hereby completely releases and forever discharges Plaintiff CitiMortgage, Inc. from any and all past, present or future claims, demands, obligations, actions[,] causes of action[,] wrongful death claims[,] rights[,] damages[,] suits, judgments, claims for contribution

and indemnity costs, losses of services, expenses and compensation of any nature whatsoever, whether based on tort, contract or other theory of recovery, which Defendant now has, or which may hereafter accrue or otherwise be acquired on account of, or may in any way grow out of, and which are subject of the claim (and all related pleadings) including without limitation, any and all known or unknown claims related to her loan agreement with CitiMortgage or its predecessors in interest, any claims known or unknown related to the property . . . , and any future claims of Defendant's representatives or heirs, which have resulted or may result from alleged acts or omissions of the Plaintiff, that could have been brought in this cause of action.

(J.A. 156-57.) Section 1.4 of the release further states that:

Defendant expressly waives and assumes the risk of any and all claims for damages which exist as of this date, but of which the Defendant does not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect Defendant's decision to enter into this Release. *The Defendant further agrees that Defendant has accepted the loan modification and its terms specified herein as a complete compromise of this matter involving disputed issues of law and fact.* Defendant assumes the risk that the facts or law may be other than Defendant believes. It is understood and agreed to by the parties that this settlement is a compromise of a disputed claim, and the loan modification and its terms are not to be construed as an admission of liability on the part of the Plaintiff, by whom liability is expressly denied.

(J.A. 158) (emphasis added). A general release is an instrument by which one party relinquishes all its claims against another for consideration. *CMCB Enterprises, Inc. v. Ferguson*, 114 P.3d 90, 96 (Colo. App. 2005). It ". . . [is] not restricted by its terms to particular claims or demands, [and] ordinarily covers all claims and demands due at the time of its execution that were within the contemplation of the parties." 66 AM. JUR. 2D *Release* § 28 (2015) (citation omitted).

■ The language of Carrillo's executed release is unambiguous and operates to relinquish all of her claims against Citi for consideration of the loan modification and prohibits her from bringing a counterclaim against Citi based on the note and mortgage. Carrillo's execution of the general

release entirely vitiates, releases and forever discharges Citi from any and all past, present or future claims, demands, obligations, actions, causes of action, wrongful death claims, damages, suits and judgments — in essence all her past, present and future claims against Citi. Moreover, in opposing the motion for summary judgment, Carrillo failed to dispute Citi's contention that her counterclaims were meritless. While Citi fully supported its position that there was a binding release that covered the causes of action set forth in the counterclaims, Carrillo offered no support for her contention that there are material facts in dispute based upon any cognizable evidence.

## C. Other Issues Not Raised in the Superior Court Are Waived on Appeal

██ On appeal, Carrillo contends that: (1) "it is illegal for the notary to witness the signature of a document whereby an oath is taken," (2) "Avstar never reassigned her mortgage back to Fidelity Union," (3) "no notary seal [was] present, [the] name of [the] notary [is] not present thus [the] signatures cannot be authenticated . . . [and the] notary did not set their seal [nor] was the name typed and the commission expiration date given," (4) her mortgage was signed without her knowledge or agreement, and (5) she was not aware of the impact of signing the release. (Appellant's Br. at 1-5; 7-13.) In violation of our court rules, Carrillo does not direct this Court to any legal authority or cite to case law in support of any of these allegations. V.I.S.CT.R. 22(m) ("[i]ssues that were . . . raised or objected to but not briefed, or . . . are only adverted to in a perfunctory manner or unsupported by argument and citation to legal authority, are deemed waived for purposes of appeal . . ."); *Walters v. Walters*, 60 V.I. 768, 774 n.6 (V.I. 2014); *Davis v. Varlack Ventures, Inc.*, 59 V.I. 229, 238 (V.I. 2013). However, "this Court affords *pro se* litigants great leeway in matters of procedures and pleading." *Etienne v. Etienne*, 56 V.I. 686, 691 n.5 (V.I. 2012) ("[I]t is our policy to give *pro se* litigants greater leeway in dealing with matters of procedure and pleadings." (internal quotation marks and alteration omitted)). But, even affording Carrillo's brief and arguments the most extreme liberal reading, a review of the entire record reveals that Carrillo failed to raise these issues in the Superior Court and therefore we hold that all of her arguments are waived. V.I.S.CT.R. 4(h) ("Only issues and arguments fairly presented to the Superior Court may be presented for review on appeal . . . ."); *V.I.*

*Waste Mgmt. Auth. v. Bovoni Invs., LLC*, 61 V.I. 355, 371 n.16 (V.I. 2014); *Better Building Maint. of the V.I., Inc. v. Lee*, 60 V.I. 740, 748 n.2 (V.I. 2014).

Even assuming, *arguendo*, that Carrillo preserved any of these arguments, she has not provided this court with any proof to substantiate any of her arguments based on even a scintilla of evidence. *Perez*, 59 V.I. at 527 (the nonmoving party may not rest on its allegations alone, but must present actual evidence, amounting to more than a scintilla, showing a genuine issue for trial). Carrillo's counterclaims, when taken into consideration with the other evidence before the court, do not raise any genuine issue of material fact sufficient to survive Citi's summary judgment motion. Thus, we hold that the Superior Court correctly granted summary judgment in favor of Citi.

## D. CONCLUSION

Therefore, we affirm the Superior Court's granting of Citi's motion for summary judgment on the claims in Citi's complaint and the counterclaims pled by Carrillo in this action.