

**FILED**

May 05, 2020

TAMARA CHARLES
CLERK OF THE COURT

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| REUBEN DOWLING, | ) | **CIVIL CASE NO. SX-11-CV-510** |
| Plaintiff, | ) | |
| | ) | ACTION FOR DAMAGES. |
| v. | ) | |
| | ) | |
| GRAPETREE SHORES, INC., | ) | **2020 VI Super 58U** |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

¶ 1    Before the Court is Defendant Grapetree Shores, Inc.'s (GSI) Motion for Summary Judgment (Motion), filed February 11, 2015, supplemented by its Supplement to Motion for Summary Judgment, filed March 21, 2019. By Order entered June 28, 2019, the request of *pro se* Plaintiff Reuben Dowling was granted, permitting him an additional 60 days within which to respond to GSI's Motion. Plaintiff has filed no response. For the reasons that follow, GSI's Motion will be granted and Plaintiff's Complaint against GSI will be dismissed with prejudice.

¶ 2    James Hunter, formerly a named Defendant in this matter,[1] was hired by GSI as General Manager of the Divi Carina Bay Resort as of June 15, 2009 and served in that position on December 1, 2009.[2] At approximately 10:45 p.m. on December 1, 2009, while driving separate vehicles, Plaintiff and Hunter were involved in a motor vehicle accident on Lowry Hill Road, St. Croix, from which this lawsuit arises.[3] Hunter resided at the Divi Resort as part of his employment package with GSI, and normally completed his shift at 6:00 p.m. On the day of the accident, after he completed his shift, Hunter travelled 6.15 miles to Cheeseburgers in America's Paradise, not affiliated with GSI, where he ate a personal meal.[4] The accident occurred after Hunter left Cheeseburgers, while Hunter was not engaged in any activity relating to his employment, was not

---

[1] Defendant Hunter's Motion to Enforce Settlement was granted, and Plaintiff's Complaint against Hunter was dismissed with prejudice by Order entered March 6, 2019.

[2] GSI Motion, Ex. B, February 2, 2015 Affidavit of Valerie Caldwell, Corporate Comptroller, ¶ 5.

[3] GSI Motion, Statement of Undisputed Material Facts (SOF), unopposed, ¶ 7.

[4] *Id.* ¶¶ 7-10, 14.

furthering any business interest of GSI and was not operating the vehicle at the direction of GSI.[5] Following the accident, Hunter was arrested and charged with Driving Under the Influence of an Intoxicating Liquor and Reckless Driving, among other charges. All charges against Hunter were dismissed by Order of the Superior Court entered April 19, 2010.[6] At the time of the accident, Hunter was 58 years old and a had a valid, unexpired driver's license issued by the State of California.[7] Prior to the accident, GSI had no knowledge or reason to believe that Hunter, by reason of youth, inexperience or otherwise, would operate a motor vehicle in a manner involving unreasonable risk of harm to himself or others.[8]

¶ 3     Plaintiff's Complaint against GSI alleges that at the time and place of the accident, Hunter was in the course and scope of his employment with GSI, was driving a vehicle which was under the control and dominion of GSI, and that GSI negligently entrusted the vehicle to Hunter when it knew or had reason to know that he was not a safe driver and would be negligent.[9]

## LEGAL STANDARD

¶ 4     In evaluating a motion for summary judgment, the Court must determine whether there exists a genuine dispute of material fact; one that would impact the outcome of the case under applicable law. *Machado v. Yacht Haven U.S.V.I., LLC*, 61 V.I. 373, 379-80 (V.I. 2014) (quoting *Williams v. United Corp.*, 50 V.I. 191, 194 (V.I. 2008)). "Summary judgment is a drastic remedy [and] should be granted only when the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact," and that judgment is appropriate as a matter of law. *Id.* at 379-80. Such a dispute is genuine if the evidence is such that a reasonable trier of fact could return a verdict as to that factual issue in favor of the nonmoving party. *Id.* at 391-92.

---

[5] *Id.* ¶¶ 11-12; Caldwell Affid. ¶ 15.

[6] The Court takes judicial notice of the records of the Superior Court in *Gov't of the Virgin Islands v. Hunter* (SX-09-CR-670).

[7] GSI Motion, SOF ¶ 7 and Ex. 1.

[8] *Id.* ¶¶ 14-15; Caldwell Affid. ¶¶ 27-28.

[9] Complaint, ¶¶ 6, 11.

¶ 5    Reviewing Defendant's Motion, the Court does not weigh the credibility of the evidence offered. Instead, all inferences from the evidence are drawn in favor of the nonmoving party, and any conflicting allegations, if properly supported by the record, are resolved in favor of the nonmovant. *See Perez v. Ritz-Carlton (V.I.), Inc.*, 59 V.I. 522, 527 (V.I. 2013) (citing *Williams*, 50 V.I. at 194-95). The moving party bears the burden of demonstrating the absence of any genuine issue of material fact. *Martin v. Martin*, 54 V.I. 379, 389 (V.I. 2010). Only if the moving party discharges this initial obligation does the burden shift to the nonmoving party to introduce some evidence showing the existence of a genuine issue of material fact. *See Perez*, 59 V.I. at 527-28. At this point, "the nonmoving party may not rest on its allegations alone, but must present actual evidence, amounting to more than a scintilla, showing a genuine issue for trial." *Id.* at 527.

## DISCUSSION

¶ 6    By its Motion and documentation submitted in support, GSI has demonstrated that there are no genuine issues of material fact in dispute relative to Plaintiff's claims that GSI is vicariously liable for the negligence of its employee who, Plaintiff alleges, was in the course and scope of his employment at the time of the accident; and that GSI is directly liable to Plaintiff for negligently entrusting a vehicle to Hunter when it knew or should have known that Hunter's use of the vehicle constituted and unreasonable risk of harm to Plaintiff and others. By the presentation of such evidence in the summary judgment record, GSI has met its burden on the Motion, shifting the burden to Plaintiff to show the existence of genuine issues of material facts that have a bearing upon Plaintiff's claims against GSI. Because Plaintiff has filed no response to GSI's Motion, the facts as presented are deemed established[10] and the Court looks to the question of whether GSI is entitled to judgment as a matter of law. *See* V.I. R. Civ. P. 56(a).

<u>Vicarious Liability</u>.

¶ 7    Plaintiff's *respondeat superior* action against GSI is premised upon his allegation that Hunter was "acting within the course and scope of his employment with Grapetree Shores" at the

---

[10] "The trial court must accept as true the facts stated in an unopposed motion for summary judgment." *Walters v. Walters*, 60 V.I. 768, 796 (V.I. 2014) (citing *Halliday v. Footlocker Specialty, Inc.*, 53 V.I. 505, 512 n.11 (V.I. 2010)).

time of the accident.[11] "Whether an employee is acting within the 'course and scope' of his employment is generally a question of fact; however, when the facts are undisputed, the Court may decide these questions as a matter of law." *Paul v. Abramson Enterprises, Inc.*, 64 V.I. 269, 273 (V.I. Super. 2016) (citing *Brunn v. Dowdye*, 59 V.I. 899, 905-06 (V.I. 2013).

¶ 8    To defeat GSI's Motion and, specifically, to permit the issue of whether at the time of the accident Hunter was acting within the course and scope of his employment with GSI to be presented to a trial jury, Plaintiff may not rest on the allegations of his Complaint alone, "but must present actual evidence… showing a genuine issue for trial." *Perez*, 59 V.I. at 527.

¶ 9    The only evidence in the record as to the issue was presented through the affidavit of GSI's comptroller, to the effect that after he completed his shift on December 1, 2009, Hunter was not on company business, was not furthering his employer's interests during and after partaking of a personal meal at Cheeseburgers, and was not operating the vehicle at the direction of GSI. That evidence in the summary judgment record shifted the burden to Plaintiff as nonmovant to identify evidence from which at least a contrary inference might be drawn. Instead, Plaintiff filed no response to GSI's Motion and the evidence of the fact that Hunter was not acting within the course and scope of his employment remains unopposed and must be accepted as true. As such, GSI is entitled to a finding as a matter of law that Hunter was not acting for or on behalf of the interests of his employer at the time of the accident. Accordingly, GSI's Motion will be granted and Plaintiff's vicarious liability claim against GSI will be dismissed with prejudice.

Negligent Entrustment.

¶ 10    While the Supreme Court has not set forth the elements required to establish liability on a claim of negligent entrustment, case law in the Virgin Islands, like that in the majority of jurisdictions, has consistently applied the provisions of § 390 of the RESTATEMENT (SECOND) OF TORTS.[12] This Court follows that precedent, adopts the reasoning and finding of *Faulkner* with respect to the standards of proof for a claim of negligent entrustment in the Virgin Islands, and

---

[11] Complaint, ¶ 6.

[12] *See Faulkner v. Gov't of the V.I.*, 60 V.I. 65, 89 (V.I. Super. 2014), conducting *Banks* analysis and determining "that the RESTATEMENT (SECOND) OF TORTS § 390 represents the soundest rule for the Virgin Islands."

looks to Section 390 of the RESTATEMENT (SECOND) OF TORTS to determine whether GSI may prevail on its Motion on Plaintiff's negligent entrustment claim.

> One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

RESTATEMENT (SECOND) OF TORTS § 390.

¶ 11   Although it is unclear from the record, GSI has not denied that the vehicle Hunter drove at the time of the accident was entrusted to him by GSI. Yet, GSI suggests that it neither knew nor had reason to know that because of Hunter's youth, inexperience, or otherwise, that he would be likely to use a vehicle entrusted to him in a manner involving an unreasonable risk of physical harm to himself and others. In factual support of its Motion, GSI presents the affidavit of its comptroller Valerie Caldwell. Ms. Caldwell states that Hunter presented his application for the Divi Resort general manager position to Divi's central office in North Carolina. Divi's Human Resources manager performed basic reference checks and referred Hunter to GSI. GSI interviewed and hired Hunter.[13] At the time of his hiring by GSI, Hunter was 58 years old and possessed a valid, unexpired California driver's license.[14] GSI had no knowledge or reason to believe that Hunter, because of youth, inexperience, or otherwise, would operate a motor vehicle in any manner involving unreasonable risk of harm to himself or others.[15]

¶ 12   The record reflects that Hunter was arrested following the December 1, 2009 accident for driving while intoxicated, reckless driving and other charges. Those charges were dismissed by Order of the Superior Court entered April 19, 2010.[16] GSI has no information whether Hunter was intoxicated at the time of the accident,[17] and the record is devoid of any evidence of Hunter's history of motor vehicle violations or use of alcoholic beverages.

---

[13] Caldwell Affid. ¶ 6.

[14] *Id.* ¶ 7.

[15] *Id.* ¶¶ 27-28.

[16] Motion, Ex. 2.

[17] Caldwell Affid. ¶ 26.

¶ 13     Accepting the truth, as we must, of GSI's presentation of unopposed facts, GSI is entitled to judgment as a matter of law as to Plaintiff's negligent entrustment claim as there is no genuine issue of material fact in the record that could support a jury finding that GSI knew or should have known that Hunter would operate a motor vehicle in any manner involving unreasonable risk of harm to himself or others. Without presentation of any facts that could support a jury finding or inference of that necessary element of proof, Dowling's negligent entrustment claim cannot survive GSI's Motion.

For the reasons set forth herein, it is hereby

ORDERED that GSI's Motion for Summary Judgment is GRANTED. It is further

ORDERED that Plaintiff's Complaint against Grapetree Shores, Inc. is DISMISSED with prejudice.

DATED: May 5   , 2020.

DOUGLAS A. BRADY, JUDGE

**ATTEST:**
TAMARA CHARLES
Clerk of the Court

By: _____
     Court Clerk Supervisor

**DISTRIBUTION LIST:**
Plaintiff, *pro se*
Ryan C. Meade, Esq.
Kyle R. Waldner, Esq.
Gregory Kubarych, Esq.