IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**

December 04, 2020
SX-2018-CV-00337
TAMARA CHARLES
CLERK OF THE COURT




## SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| **HENRY DAVIS AND JANET DAVIS,** | |
| PLAINTIFFS, | **Civil No. SX-18-CV-337** |
| V. | **ACTION FOR DAMAGES** |
| **MIRIAM MILLIGAN,** | **JURY TRIAL DEMANDED** |
| DEFENDANT. | **CITE AS: 2020 VI SUPER 99U** |

**Appearances:**
**Yohana M. Manning, Esq.**
Manning Legal Services, P.C.
Christiansted, U.S. Virgin Islands
*For Plaintiffs*

**Daryl C. Barnes, Esq.**
**Paul R. Neil, Esq.**
Barnes & Neil, LLP
Christiansted, U.S. Virgin Islands
*For Defendant*

## MEMORANDUM OPINION

**WILLOCKS, Presiding Judge**

¶1 **THIS MATTER** came before the Court on Defendant Miriam Milligan's (hereinafter "Defendant") motion for summary judgment, filed on July 1, 2020. To date, Plaintiff Henry Davis and Plaintiff Janet Davis (hereinafter collectively "Plaintiffs") have not filed an opposition and the deadline for Plaintiffs to file a timely opposition has passed.[1] On August 27, 2020, Defendant filed a notice of Plaintiffs' failure to respond to Defendant's motion for summary judgment and requested for entry of judgment.[2]

---

[1] Rule 56 of Virgin Islands Rule of Civil Procedure provides that "[a]ny party adverse to a motion filed under this Rule may file a brief in opposition, any affidavits desired and/or other documents relied upon in opposition to the motion, within 30 days of the filing of the motion." V.I.R. CIV. P. 56(c)(2)(A).

[2] In her notice, Defendant requested that "should the Court deny the pending MSJ for any reason that Ms. Milligan be permitted to complete all expert discovery and depositions and to file additional dispositive *Daubert* motions, if any.

## BACKGROUND

¶2    On September 12, 2018, Plaintiffs filed a complaint against Defendant for an alleged single vehicle incident involving Defendant and Plaintiffs. In her complaint, Plaintiffs alleged, inter alia, "[o]n the morning of September 18, 2016, Defendant collided with 30-C Estate Whim, a property owned and/or occupied by Plaintiffs" and "[a]s a result of Defendant's negligence and/or gross negligence Plaintiffs suffered significant damage to their property." (Compl. ¶¶ 2, 4) On October 23, 2018, Defendant filed her answer to Plaintiffs' complaint. Thereafter, a scheduling order was entered and discovery commenced in this matter. On December 4, 2019, per the parties' joint stipulating, an amended scheduling order was entered which required factual discovery to be completed by March 31, 2019. On July 1, 2020, Defendant filed this instant motion.

## STANDARD OF REVIEW

¶3    Rule 56 of Virgin Islands Rules of Civil Procedure (hereinafter "Rule 56") provides that "[a] party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought" and "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.I. R. CIV. P. 56; *see also Rymer v. Kmart Corp.*, 68 V.I. 571, 575 (V.I. 2018) ("A summary judgment movant is entitled to judgment as a matter of law if the movant can demonstrate the absence of a triable issue of material fact in the record."). "A factual dispute is deemed genuine if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party[,]' " and a fact is material only where it "might affect the outcome of the suit under the governing law[.]" *Todman*, 70 V.I. at 436 (citations omitted) "Once

---

Defendant should file her discovery request in a motion separate from her notice. As such, the Court will not address the discovery request included in Defendant's notice.

the moving party has identified the portions of the record that demonstrate no issue of material fact, "the burden shifts to the non-moving party to present affirmative evidence from which a jury might reasonably return a verdict in his favor." *Rymer*, 68 V.I. at 576 (citing *Chapman v. Cornwall*, 58 V.I. 431, 436 (V.I. 2013)) (internal citations and quotation marks omitted). The non-moving party "may not rest upon mere allegations, [but] must present actual evidence showing a genuine issue for trial." *Rymer*, 68 V.I. at 576 (quoting *Williams v. United Corp.*, 50 V.I. 191, 194 (V.I. 2008)). "Therefore, to survive summary judgment, the nonmoving party's evidence must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance." *Kennedy Funding, Inc. v. GB Properties, Ltd.*, 2020 V.I. 5, ¶14 (citation and internal quotations omitted).

¶4      Rule 56 provides that "[e]ach summary judgment motion shall include a statement of undisputed facts in a separate section within the motion" and that "[e]ach paragraph stating an undisputed fact shall be serially numbered and each shall be supported by affidavit(s) or citations identifying specifically the location(s) of the material(s) in the record relied upon regarding such fact." V.I. R. CIV. P. 56(c)(1). Additionally, Rule 56(e) states that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or (4) issue any other appropriate order." V.I. R. CIV. P. 56(e)(1)-(4). The reviewing court must view all inferences from the underlying facts in the light most favorable to the nonmoving party, and take the nonmoving party's conflicting allegations as true if properly supported. *Kennedy*, 2020 V.I. 5, ¶14; *Williams*, 50 V.I. at 194; *Perez v. Ritz-Carlton (Virgin*

*Islands), Inc.*, 59 V.I. 522, 527 (V.I. 2013). Moreover, the court "should not weigh the evidence, make credibility determinations, or draw 'legitimate inferences' from the facts when ruling upon summary judgment motions because these are the functions of the jury." *Todman*, 70 V.I. at 437 (quoting *Williams v. United Corp.*, 50 V.I. 191, 197 (V.I. 2008). In deciding a motion for summary judgment, the court's role "is not to determine the truth, but rather to determine whether a factual dispute exists that warrants trial on the merits." *Todman*, 70 V.I. at 437 (quoting *Hawkins v. Greiner*, 66 V.I. 112, 117 (V.I. Super. Ct. 2017). Because summary judgment is "[a] drastic remedy, a court should only grant summary judgment when the 'pleadings, the discovery and disclosure materials on file, and any affidavits, show there is no genuine issue as to any material fact.'" *Rymer*, 68 V.I. at 575-76 (quoting *Williams*, 50 V.I. 191, 194). Finally, Rule 56 requires the court to "state on the record the reasons for granting or denying the motion." V.I. R. Civ. P. 56(a).

## DISCUSSION

¶5     In his motion, Defendant argued that Plaintiffs are not the real party in interest as required under Rule 17 of Virgin Islands Rules of Civil Procedure since they "have failed to produce evidence showing they have any legal ownership or right to [30-C Estate Whim]" and therefore, the Court should enter judgment for Defendant. (Motion, p. 1) Defendants made the following assertions in support of his argument: (i) "Plaintiffs previously asserted that an action to quiet title to the Real Property is or was pending in the Superior Court of the Virgin Islands." (Id., at p. 2, n.2); (ii) "The only 'evidence' provided by Plaintiffs are self-serving interrogatory responses alleging Plaintiffs are owners by means of adverse possession, but unsupported by any deed or otherwise showing actual ownership." (Id.); (iii) "In order to file and pursue a lawsuit, a plaintiff must have actual injury to the plaintiff's actual, vested interest in the subject of the suit—as a

plaintiff cannot generally redress some other person's injuries."[3] (Id., at p. 2); (iv) "Courts do not decide hypothetical cases."[4] (Id.); (v) "Plaintiffs' mere bald allegation in the Complaint that they purportedly 'owned and/or occupied' the Real Property[5] is not evidence but is, instead, bald, unsupported argument." (Id., at p. 4); (vi) "Given the dearth of any actual evidence proving they have a valid and recognized legal interest in the Real Property, Plaintiffs' claim against Ms. Milligan is no better than any other stranger or trespasser alleging entitlement for damages to property the person does not actually own or legally possess." (Id.); and (vii) "Plaintiffs likewise fail to produce evidence showing a prima facie claim against Ms. Milligan" because Plaintiffs "lack evidence that Ms. Milligan owed them (as non-owners of the Real Property) any legal duty of care, any breach of that non-existent duty, or any damages to Plaintiffs." (Id., at pp. 4-5) As such, Defendant requested the Court to grant her motion and enter judgment in favor of Defendant.

¶6      The Court must note at the outset that Defendant's motion failed to include "a statement of undisputed facts in a separate section within the motion" with "[e]ach paragraph stating an undisputed fact…serially numbered and each…supported by affidavit(s) or citations identifying specifically the location(s) of the material(s) in the record relied upon regarding such fact" as required under Rule 56.[6] V.I. R. Civ. P. 56(c)(1). Nevertheless, pursuant to Rule 56(e), "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:… (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is

---

[3] Defendant referenced: *Goodwin v. Fawkes*, 67 V.I. 104 (V.I. Super. Ct. Dec. 12, 2006).

[4] Defendant referenced: *Fenster v. Dechabert*, 65 V.I. 20 (V.I. Super. Ct. Aug. 8, 2016); *Walsh v. Daly*, 2014 V.I. LEXIS 36 (V.I. Super. Ct. June 18, 2014); *Wheeler v. Barrera*, 417 U.S. 402 (1974); *Oil, Chem. & Atomic Workers Int'l Union v. Missouri*, 361 U.S. 363 (1959).

[5] In his motion, Defendant defined "Real Property" as the real property located at 30-C Estate Whim on St. Croix.

[6] Parties are reminded to comply with all applicable rules.

entitled to it..." V.I. R. CIV. P. 56(e)(3). Thus, Defendant's failure to include a statement of undisputed facts does not automatically render her motion fatally deficient. *See e.g., Hendricks v. Pinnacle Services, LLC*, 72 V.I. 630, 635 (Super. Ct. March 16, 2020) (The court noted that "[t]hough a motion for summary judgment must include a statement of undisputed facts to which the nonmovant must have an opportunity to respond, the Court finds that ordering the parties to provide such statements and to conduct further briefing would be a waste of judicial resources and of the parties' time" and granted Defendants' motion for summary judgment.). The Court must further note that Plaintiff did not file a response to Defendant's motion. The Supreme Court of the Virgin Islands has held that "[t]he trial court may not accept as true the moving party's itemization of undisputed facts; instead, the court must satisfy itself that the evidence in the summary judgment records supports this relief." *Vanterpool v. Gov't of the Virgin Islands*, 63 V.I. 563, 583 (V.I. 2015) (quoting *Martin v. Martin*, 54 V.I. 379, 389 (V.I. 2010)). Thus, this Court is required to consider the merits of Defendant's motion and grant summary judgment only when "the evidence in the summary judgment records supports this relief." *Id.*

### 1. Rule 17 of Virgin Islands Rules of Civil Procedure

¶7     Rule 17 of Virgin Islands Rules of Civil Procedure (hereinafter "Rule 17") requires that "[a]n action must be prosecuted in the name of the real party in interest." V.I. R. CIV. P. 17(a)(1). However, Rule 17 also provides that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." V.I. R. CIV. P. 17(a)(2). While Virgin Islands Rules of Civil Procedure do not specify the procedure for raising a Rule 17(a)(1) objection, "courts have noted that it should be made in a timely manner, such as in an

answer or responsive pleading."[7] *Hess Oil V.I. Corp. v. Fluor Daniel*, 72 V.I. 676, 701-02 (Super.

Ct. April 8, 2020) (citing *Forza Techs., LLC v. Premier Research Labs, LP*, No. 12-CV-7905,

2013 U.S. Dist. LEXIS 171753, *5 (N.D. Ill. Dec. 5, 2013) (citing *In re Signal Int'l LLC*, 579 F.3d

at 487)). In *Hess*, the court found that "since the real party in interest is a defense that must be

raised at the earliest opportunity, the Court finds that John Zink and R&G timely raised it here by

moving to dismiss for failure to state a claim." *Hess*, 72 V.I. at 702. Here, Defendant did not raise

her Rule 17(a)(1) objection in an answer or responsive pleading. However, Defendant indicated in

her motion that Defendant only concluded that Plaintiffs are not the real party in interest upon the

conclusion of factual discovery and Plaintiffs failed to produce any evidence proving that they

have ownership interest in the real property located at 30-C Estate Whim on St. Croix ("Property").

According to the amended scheduling order, factual discovery was to be completed by March 31,

2019, and Defendant filed this instant motion raising her Rule 17(a)(1) objection on July 1, 2020.

The Court finds that Defendant timely raised it in this instance. To date, Plaintiffs have remained

silent as to Defendant's Rule 17(a)(1) objection. They failed to file a response to Defendant's

motion. Moreover, even after Defendant filed a notice of Plaintiffs' failure to respond to

Defendant's motion and repeated therein that "Plaintiffs have failed to produce any evidence

proving they have any standing or compensable interest in this lawsuit," Plaintiffs still failed to

respond. It has now been almost six months since Defendant first raised her Rule 17(a)(1)

objection. Accordingly, the Court finds that "a reasonable time has been allowed for the real party

---

[7] In *Hess*, the court addressed Rule 17 of the Federal Rules of Civil Procedure (2005 ed.), which contained language similar to Rule 17. Rule 17 of the Federal Rules of Civil Procedure provides that "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest." Fed. R. Civ. P. 17(a) (2005 ed.).

*Davis et al., v. Milligan*
SX-18-CV-337
**Memorandum Opinion**        **2020 VI SUPER 99U**
Page 8 of 10

in interest to ratify, join, or be substituted into the action," as required under Rule 17(a)(2), before this matter may be dismissed.

¶8      The Court will now turn to the merits of Defendant's motion and determine whether the evidence supports the Court granting summary judgment in favor of Defendant. Here, Plaintiffs' two-page complaint simply stated the following:

> 2. On the morning of September 18, 2016, Defendant collided with 30-C Estate Whim, a property owned and/or occupied by Plaintiffs.
> 3. Defendant spoke to officer Cuthbert Cyril and stated that she lost control of her vehicle and collided with 30-C Estate Whim.
> 4. As a result of Defendant's negligence and/or gross negligence Plaintiffs suffered significant damage to then property.

No evidence supporting Plaintiffs' ownership interest in the Property was attached to the complaint. Additionally, as noted above, even after Defendant raised her Rule 17(a)(1) objection and moved for summary judgment, Plaintiffs never opposed or presented affirmative evidence disputing Defendant's argument. *See Rymer*, 68 V.I. at 576 (citing *Chapman*, 58 V.I. at 436) (internal citations and quotation marks omitted) (Once the moving party has identified the portions of the record that demonstrate no issue of material fact, "the burden shifts to the non-moving party to present affirmative evidence from which a jury might reasonably return a verdict in his favor.") While Defendant did indicate in her motion that Plaintiffs averred in their discovery responses that there is or was an action to quiet title to the Property in the Superior Court of the Virgin Islands and that they are owners by means of adverse possession, Plaintiffs never filed a response to Defendant's motion or notice to provide the case number or any evidence supporting their ownership interest in the Property. *See Rymer*, 68 V.I. at 576 (quoting *Williams*, 50 V.I. 191 at 194) (The non-moving party "may not rest upon mere allegations, [but] must present actual evidence showing a genuine issue for trial."). Here, even when the inferences to be drawn from

the underlying facts are viewed in the light most favorable to Plaintiffs, the Court finds that

Plaintiff's evidence that they have ownership interest in the Property failed to amount to more than

a scintilla. *Kennedy*, 2020 V.I. 5, ¶14 ("[T]o survive summary judgment, the nonmoving party's

evidence must amount to more than a scintilla, but may amount to less (in the evaluation of the

court) than a preponderance.") As such, the Court concludes that there is no genuine dispute as to

any material fact regarding Defendant's Rule 17(a)(1) objection. Plaintiffs, without being the real

party in interest, cannot prosecute this matter. See V.I. R. CIV. P. 17(a)(1) ("An action must be

prosecuted in the name of the real party in interest."). More specifically, Plaintiffs, without having

any ownership interest in the Property, cannot claim that they sustained any damages as a result of

the alleged single vehicle incident.[8]

## CONCLUSION

¶9     Based on the foregoing, the Court will grant Defendant's motion and enter summary

judgment of dismissal with prejudice for failure to prosecute in the name of the real party in

interest. Additionally, the Court will close this matter since there are no other pending issues

herein. An order and judgment consistent with this Memorandum Opinion will be entered

contemporaneously herewith.

**DONE and so ORDERED this** 3rd **day of** December **2020.**

---

[8] In their complaint, Plaintiffs alleged in that "[a]s a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs suffered significant property damage" and that "[t]he Defendant's action constituted negligence, negligence per se and/or gross negligence." (Compl. ¶¶ 6, 8) In light of the Court's finding as to the element of damages, the Court need not reach the other elements of negligence, negligence per se, and gross negligence at this juncture.

It should be noted that Plaintiff's complaint is not compliant with Virgin Islands Rules of Civil Procedure because it did not provide "a short and plain statement of the claim showing that the pleader is entitled to relief…with separate designation of counts and defenses for each claim identified in the pleading…" as required under Rule 8. V.I. R. CIV. P. 8(a)(2). Parties are again reminded to comply with all applicable rules.

**ATTEST:**
Tamara Charles
Clerk of the Court

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**

By: _____
Court Clerk Supervisor

Dated: _____

# SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

HENRY DAVIS AND JANET DAVIS,

                           PLAINTIFFS,

              V.

MIRIAM MILLIGAN,

                        DEFENDANT.

Civil No. SX-18-CV-337

ACTION FOR DAMAGES

JURY TRIAL DEMANDED

CITE AS: 2020 VI SUPER 99U

**Appearances:**
**Yohana M. Manning, Esq.**
Manning Legal Services, P.C.
Christiansted, U.S. Virgin Islands
*For Plaintiffs*

**Daryl C. Barnes, Esq.**
**Paul R. Neil, Esq.**
Barnes & Neil, LLP
Christiansted, U.S. Virgin Islands
*For Defendant*

## ORDER AND JUDGMENT

**WILLOCKS, Presiding Judge**

In accordance with the Memorandum Opinion entered contemporaneously herewith, it is hereby:

**ORDERED, ADJUDGED, AND DECREED** that Defendant's motion for summary judgment, filed on July 1, 2020, is **GRANTED.** It is further:

**ORDERED, ADJUDGED, AND DECREED** that summary judgment of dismissal with prejudice for failure to prosecute in the name of the real party in interest is **ENTERED. And** it is further:

**ORDERED** that this matter is hereby **CLOSED.**

**DONE and so ORDERED this** 3rd **day of** December 2020.

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Court Clerk Supervisor II

Dated: _____